## MARGERUM v. SOPHER et al.
## No. 3717.

Court of Civil Appeals of Texas. Amarillo.
Jan. 20, 1932.

Rehearing Denied Feb. 24, 1932.

Jos. H. Aynesworth, of Borger, for appellant.

Herbert S. Sublett, of Borger, for appellees.

JACKSON, J.

Jess Sopher, the plaintiff, instituted suit, numbered 479, in the county court of Hutchinson county, Tex., on June 30, 1931, against E. B. Margerum, the defendant, alleging an indebtedness due him by defendant of $352.97 for certain services rendered by plaintiff at the special instance and request of the defendant.

On the same day the plaintiff filed his affidavit, application, and bond and secured a writ of garnishment to be issued and served on E. L. Keith as garnishee, which was docketed as cause No. 480.

On July 7th the plaintiff filed his amended petition in which he itemized his account against the defendant and alleged the sum sued for to be $329.40. On the same day the defendant filed his amended answer, on which date the case was tried before a jury and the plaintiff recovered judgment against the defendant for the sum of $175 and for costs of suit.

On July 11, 1931, E. L. Keith, the garnishee, answered in cause No. 480, stating that at the time the writ of garnishment was served upon him he was and still is indebted to the defendant E. B. Margerum, in the sum of $414.86.

On July 10, 1931, the defendant intervened in cause No. 480, the garnishment proceeding, and moved that the court set aside and hold for naught the affidavit, bond, and writ of garnishment, for the reason that the affidavit for the writ discloses that plaintiff claimed an indebtedness in the sum of $352.97 and the petition as amended is for the sum of $329.40 and on the trial plaintiff admitted the defendant was due a credit in the sum of $2.50, showing that plaintiff's bona fide claim was for only $326.90, for which reason the garnishment proceedings were defective and void.

The plaintiff excepted to the defendant's motion to quash the garnishment proceedings, because the defendant had not filed a replevy bond as required by law in such cases and was therefore not entitled to intervene in the garnishment proceedings and urge the invalidity of the affidavit in garnishment.

The motion filed by the defendant attacking the validity of the affidavit in garnishment was overruled by the court and judgment rendered for the plaintiff against the garnishee for $175, from which judgment the defendant in the original suit, intervener in the garnishment suit, prosecutes this appeal.

In the original petition plaintiff alleged his indebtedness to be $352.97. In the affidavit for garnishment, with the other material facts, it is stated: "That plaintiff sues defendant in said suit for a debt amounting to the sum of $352.97. That said debt is just, due and unpaid and the defendant has not within the knowledge of plaintiff property in his possession within this state subject to execution sufficient to satisfy such debt and that the garnishment now applied for is not sued out to injure either the defendant or the garnishee." In the amended petition the plaintiff itemized his account and alleged the indebtedness to be $329.40.

On the trial the plaintiff admitted that the defendant was entitled to a credit of $2.50, leaving the indebtedness claimed to be $326.90.

The only questions presented on this appeal are whether the affidavit in garnishment was fatally defective and, if so, was the defendant entitled to intervene in the garnishment proceedings, cause No. 480, and urge such defect without filing a replevy bond as required by Article 4084, R. C. S.?

Article 275, R. C. S., provides in effect that the plaintiff by making an affidavit stating that the defendant is justly indebted to him and the amount of the demand, together with the other requirements necessary therefor, may secure the issuance of a writ of attachment.

Article 6841, subd. 2, provides in effect that if plaintiff seeks to foreclose a mortgage or enforce a lien, he shall make affidavit that the same is just and the amount of the indebtedness still unsatisfied.

We find no such requirements in the statutes pertaining to the issuance of a writ of garnishment.

Article 4076, subd. 2, R. C. S., provides that writs of garnishment may issue: "Where the plaintiff sues for a debt and makes affidavit that such debt is just, due and unpaid, and that the defendant has not within his knowledge property in his possession within this state, subject to execution, sufficient to satisfy such debt; and that the garnishment applied for is not sued out to injure either the defendant or the garnishee."

Article 4077 requires that the plaintiff shall execute a bond, with two or more good and sufficient sureties, to be approved by the officer issuing the writ, payable to the defendant in double the amount of the debt, etc.

Article 4078 provides that: "Before the issuance of the writ of garnishment, the plaintiff shall make application therefor, signed by him, stating the facts authorizing the issuance of the writ, and that the plaintiff has reason to believe, and does believe, that the garnishee, stating his name and residence, is indebted to the defendant, or that he has in his hands effects belonging to the defendant," etc.

These statutes provide that the plaintiff make affidavit that such debt is just, due, and unpaid, etc.; but he is not required to state in the affidavit the amount of the indebtedness sued for. First National Bank v. McClellan (Tex. Civ. App.) 211 S. W. 794, and authorities cited.

The affidavit in the garnishment proceedings in this case complies with all of the requirements of the statutes and in addition thereto states the amount of the indebtedness sued for. In our opinion, stating the amount of the indebtedness sued for in the affidavit would be surplusage and, if a defect, is not such as would render the garnishment proceedings void.

In Burge v. Beaumont Carriage Co., 47 Tex. Civ. App. 223, 105 S. W. 232, 233, writ of error denied, the San Antonio Court of Civil Appeals says: "It seems that the amounts due on the different notes as alleged in the petition, when added, amount to a sum greater than the sum set forth in the affidavit. The amount ascertained by a mathematical calculation of the amounts due on the different notes shows an amount about $50 in excess of the sum set out in the affidavit for garnishment, but it may be said that we have seen no case in which it has been held that under such circumstances the variance would be fatal to the affidavit for garnishment."

In Dickinson v. First State Bank, 185 S. W. 674, the Austin Court of Civil Appeals holds that it is no ground for quashing a writ of attachment that the affidavit therefor states a less amount than is claimed in the original suit; that while the writ of garnishment mentioned the amount claimed in the affidavit therefor, it was not necessary that the writ should state the amount and would be treated as surplusage.

In Equipment Co. v. Stockyards National Bank, 283 S. W. 610, the Waco Court of Civil Appeals holds that the failure of the affidavit for garnishment to state the correct amount for which suit was brought was not sufficient grounds for quashing the garnishment proceedings.

In the original petition against the defendant in cause No. 479, the affidavit for garnishment in cause No. 480, and the writ issued therein, the indebtedness is stated to be $352.97. In plaintiff's amended petition he itemizes his account against the defendant and states that the indebtedness is $329.40. In his testimony on the trial the plaintiff admitted that the defendant was entitled to a credit, which reduced the amount of the asserted indebtedness to the sum of $326.90.

In our opinion this difference did not render the affidavit for garnishment and the proceedings in the garnishment suit fatally defective.

Article 4084 provides in effect that the defendant, before judgment, may replevy any effects seized or garnished by giving bond with two or more good and sufficient sureties, properly approved, and payable to plaintiff in double the amount of the plaintiff's debt and conditioned for the payment of any judgment that may be rendered against the garnishee in the suit, and: "In all proceedings in garnishment where the defendant gives bond as herein provided for, such defendant may make any defense which the defendant in garnishment could make in such suit."

This court held in Wasson v. Harris, 209 S. W. 758, that the defendant in the original suit could not attack the validity of a writ issued in a garnishment proceedings without filing a replevy bond as required by the foregoing statute. See also First National Bank v. Curtis (Tex. Civ. App.) 244 S. W. 225.

The appellant in this cause, who was the defendant in cause No. 479, the original suit, intervened in the garnishment proceedings, cause No. 480, by motion to quash, after judgment was obtained against him, and attacked the validity of the affidavit on which the garnishment proceedings was based, but did not seek to recover damages for impounding an amount in excess of the sum necessary to pay the valid indebtedness of plaintiff against him. He was authorized by article 4094 to controvert by affidavit the answer of the garnishee if he was not satisfied therewith, by stating in what particulars he believed such answer to be incorrect. However, he in no way questions the correctness of the garnishee's answer and in our opinion was not authorized to attack by a motion to quash, the validity of the affidavit as he did in this case, without filing a replevy bond as the statute requires, which he did not do.

The judgment is affirmed.