**FIRST NAT. BANK OF MUNDAY v. GUINN et al.**

**No. 1076.**

Court of Civil Appeals of Texas. Eastland.

Feb. 24, 1933.

J. S. Kendall, of Munday, for appellant.

D. J. Brookreson, of Benjamin, and M. F. Billingsley, of Munday, for appellees.

LESLIE, Justice.

This is a garnishment proceeding sued out by the First National Bank of Munday in a suit pending in the district court against Ben I. Guinn, defendant; the appellee Bankers' Guaranty Life Company being garnishee. On appearance day of the first term after service of garnishment, the defendant Guinn, without having filed replevy bond, made a motion to quash the writ of garnishment on the grounds of variance between the plaintiff's petition and the affidavit for garnishment. The court heard the motion to quash and sustained the same. The garnishment proceedings being thus disposed of, the First National Bank prosecutes this appeal.

Appellant's first proposition is without merit, and will not be discussed.

▆▆ The second one is to the effect that the court erred in quashing the garnishment proceeding on motion of the defendant, since he had no authority to make the same, inasmuch as he had not filed replevy bond, etc. The appellant presents the proposition on the authority of Wasson v. Harris (Tex. Civ. App.) 209 S. W. 758, and Margerum v. Sopher (Tex.

Civ. App.) 46 S.W.(2d) 457. These authorities sustain the contention. However, after a careful examination of these authorities, we find ourselves unable to give to that portion of article 4084 (R. S. 1925), viz. "In all proceedings in garnishment where the defendant gives bond as herein provided for, such defendant may make any defense which the defendant in garnishment could make in such suit," the construction given by the authorities just cited. To construe that statute to require a defendant to replevy before he can challenge the regularity and sufficiency of a garnishment proceeding would work an undue hardship upon him, and, as we think, miss the intention and purpose of the act. It is easily conceivable that a defendant might be unable financially to give the required replevy bond, either before or at the time of the trial, and the answer of the garnishee might not fully protect the defendant, yet, because of his inability to give such a bond, he would not, under such construction, be permitted to attack the garnishment proceeding. Further, to so hold, it seems to us, would be in direct conflict with the spirit of the opinion of our Supreme Court in Missouri Pac. Railway Co. v. Whipsker, 77 Tex. 14, 13 S. W. 639, 640; 8 L. R. A. 321, 19 Am. St. Rep. 734, wherein Judge Gaines for that court stated that the better practice in such cases was for the garnishee to bring the defendant into the proceeding and thereby shift the burden and responsibility of the litigation to him. It is there said: "In every case of this character, it would be a proper practice for the garnishee, after disclosing the facts which show the exemption, to have the defendant cited, to the end that he should make his own defense. See Iglehart v. Moore, 21 Tex. 501. The parties at interest will then have the burden of the litigation; and upon the trial the garnishee will be entitled to recover his costs, and a reasonable attorney's fee, for his answer."

If the foregoing states a sound proposition of law, it would hardly seem that the Legislature intended to trammel the defendant's right to defend in such a proceeding by making it mandatory on him to give a replevy bond as a prerequisite for so doing. If he be unable to make such bond, why bring him in as suggested? It would be a vain thing to make him a party, shift the responsibility of the litigation to him, and at the same time forbid him to defend until he had done the impossible in his case; that is, execute and give a replevy bond. We do not think the language of the statute, properly construed, has such effect.

There was, no doubt, a time in the jurisprudence of this state, and elsewhere, where it appears that in an attachment proceeding the giving of a replevy bond by the defend-

ant rendered immaterial the question of the validity, or even the existence of the grounds on which the attachment was based, and thus put such considerations at rest. Gould v. Baker, 12 Tex. Civ. App. 669, 35 S. W. 708; Luse v. Ft. Worth Elec., etc., Co. (Tex. Civ. App.) 261 S. W. 163 (6); 6 C. J. p. 338, § 696.

We are therefore inclined to the view that this idea, entertained by members of the legal profession, doubtless inspired the enactment of the statute above quoted, in order to specifically preserve to the defendant in garnishment (which is but a species of attachment) the right to make such defenses, although he has availed himself of the privilege of executing a replevy bond and thereby repossessing his property. Certainly the above-quoted statute is not an express limitation or restriction upon the defendant's right to traverse the grounds of the garnishment, and, in the absence of an express restriction, the defendant in garnishment is entitled to interpose such defenses as he may have to the garnishment proceedings, or to assume the defense of the same. Ball v. Bennett, 21 Tex. Civ. App. 399, 52 S. W. 618; 28 C. J. p. 274, § 385; 6 C. J. p. 338, § 696.

In principle, our conclusions here find support in the holding of our Supreme Court in White v. Casey, 25 Tex. 552, which specifically holds that the defendant in the main suit has the right, under said statute, to intervene in the garnishment suit and set up the dormancy of the judgment. See Continental Supply Co. v. Carter (Tex. Civ. App.) 13 S.W. (2d) 927, wherein it is said that the right to defend on the ground of dormancy is not affected by the defendant's giving or failing to give a replevy bond.

Further, the opinion in Missouri Pac. Railway Co. v. Whipsker, supra, is a specific recognition of the defendant's right to intervene and set up exemption, and that without regard to his having given or failed to give a replevy bond.

To summarize, we believe that the above-quoted statute, which became a part of the garnishment law of this state on February 9, 1889, was never intended to limit the defendant's right to attack the garnishment proceedings, but to make clear that, in the event he replevied the property, he did not thereby waive any of the defenses he theretofore had; that is, instead of limiting the defendant's defensive rights, the statute preserved them, and specifically removed any doubt of his right to urge certain ones of them in case he replevied the property. The statute was designed to make certain that, in the event the defendant replevies the property, he is not estopped to deny the sufficiency of the grounds of garnishment, the regularity of the proceedings, or to move for a dissolution of the same on proper grounds or for material defects and departures from statutory requirements.

The second proposition is overruled.

■■ The third point made by the plaintiff, appellant here, is that the court erred in sustaining the defendant's motion to quash the writ and hold the proceedings for naught on the ground that the affidavit for garnishment was false, etc. An examination of the affidavit discloses that it is in form and substance a substantial compliance with article 4076, R. S. 1925, which prescribes the conditions on which writs of garnishment may issue. Hence the writ was authorized. The validity of a garnishment depends, not upon the truth of the facts stated in the affidavit, but upon the fact that they were so stated. Cawthon v. First State Bank of Salado (Tex. Civ. App.) 193 S. W. 783. In this respect the validity of a garnishment is analogous to attachment. The truth of the affidavit cannot be contested for the purpose of abating the writ. Walden v. Locke (Tex. Civ. App.) 49 S.W.(2d) 832; 5 Tex. Jur. p. 207, § 39. This proposition is sustained.

It is also contended that the court erred in sustaining the motion to quash the writ on the grounds of alleged variance between the allegations of the writ and affidavit on one hand and the petition in the main suit on the other hand. No such question was presented in the motion on which the court acted, and the proposition is overruled. The contention made in the motion was that the affidavit for garnishment was false, and that question has been herein considered.

For the reasons assigned, the judgment of the trial court will be reversed, and the cause remanded.