FIRST NAT. BANK OF ATHENS v. DAVIDSON et al. (BRITISH GENERAL INS. CO., LIMITED, OF LONDON, ENG., Garnishee). No. 2925.

Court of Civil Appeals of Texas. El Paso. Jan. 4, 1934.

Rehearing Denied Jan. 25, 1934.

Toddie L. Wynne, Jack T. Life, and Wynne & Wynne, all of Athens, for appellant.

R. H. Sigler and Bishop & Holland, all of Athens, Thompson, Knight, Baker & Harris, of Dallas, and Nat. L. Hardy, of San Antonio, for appellees.

PELPHREY, Chief Justice.

August 10, 1932, appellant filed suit in the district court of Henderson county against B. F. Everett and A. F. Davidson, seeking to collect the sum of $4,250, alleged to be due appellant on certain promissory notes executed by Everett and Davidson and to foreclose a vendor's lien on certain property in Van Zandt county.

On the same date it made application for writs of garnishment against the British General Insurance Company, Limited, of London, Eng.; Northwestern National Insurance Company of Milwaukee, Wis.; and Mechanics' & Traders' Insurance Company of New Orleans, La.

The grounds set out for the issuance of the writs were: "That plaintiff has instituted suit for debt against A. F. Davidson and B. F. Everett, Defendants in the above entitled and numbered cause, to cover (should be recover) the sum of Four Thousand Two Hundred and Fifty Dollars ($4,250.00); that such debt is due and unpaid and that the Defendants have not within affiant's knowledge property in their possession within this State subject to execution sufficient to satisfy such debt; that the garnishment applied for is not sued out to injure either the Defendants or the garnishees, the British General Insurance Company, Limited of London Eng., One Park Avenue, New York, N. Y., Northwestern National Insurance Company of Milwaukee, Wisc., and Mechanics & Traders Insurance Company of New Orleans, La. and that affiant has reason to believe and does believe that the British General Insurance Company, Limited of London, Eng., One Park Avenue, New York, N. Y., Northwestern National Insurance Company of Milwaukee, Wisc., and Mechanics & Traders Insurance Co. of New Orleans, La., whose residences are set out, are indebted to the Defendants, A. F. Davidson and B. F. Everett, or Everett and Davis, or to the Athens Gin Company of Athens, Texas, which said Gin Company is owned by the above named defendants."

All the garnishees filed answers in which they set up their inability to answer specifically at the time as to whether they were indebted to the parties or in what amount; that they had each issued a policy of insurance to the Athens Gin Company; that a loss had occurred and was being investigated; and that, when the amount of their indebtedness was ascertained, the same would be held to await the further action of the court.

The Mechanics' & Traders' Insurance Company further alleged that it had been informed and believed that the Athens Gin Company was a copartnership composed of A. F. Davidson, Mrs. B. C. Slaton, a feme sole, and D. W. Carnes, and prayed that they be made parties to the suit.

Thereafter, on February 18, 1933, Davidson and Everett filed their motion to quash the writs of attachment, and, as grounds therefor, set out the following reasons:

"That the application and affidavit for the writ of garnishment in said cause is fatally defective in that it does not allege and show that the applicant believes that the garnishees, or either of them, are indebted to these said defendants, or that they, or either of them, have in their hands effects belonging to the defendants, but on the contrary, only alleges and states that affiant has reasons to believe and does believe that said garnishees either indebted to the defendants A. F. Davidson and B. F. Everett, or Everett and Davis, or to the Athens, Texas, which said Gin Company is owned by the above named defendants.

"2. Said application is fatally defective in that it shows on its face that it is an attempt to garnish, impound and reach a fund which under the laws of this State, is exempted from garnishment proceedings in that under the laws of this State a fund in which the defendants are only partially interested is not subject to garnishment.

"3. That said application and affidavit is fatally defective for the reason that it does not state that the plaintiffs' demand against these defendants is just as required by the laws of this State.

"4. That said application and writ of garnishment thereunder is fataly defective in that the Athens Gin Company is not a party defendant in said cause No. 9946, and there is nothing to show that the plaintiff is entitled to demand in said last named cause recovery against said Athens Gin Company.

458

"5. That said writ of garnishment issued herein is fatally defective because the bond filed herein is not made payable to said Athens Gin Company or to those composing said Athens Gin Company.

"6. Said writ of garnishment is defective for the reason that any fund belonging to said Athens Gin Company in which these defendants, or either of them, may have only an interest is not subject to garnishment in said cause No. 9946, for the reason that the indebtedness due said Athens Gin Company cannot be garnisheed or impounded in garnishment proceedings in satisfaction of or to be applied to the indebtedness of individuals who hold only an interest in said Gin Company."

The motion was sustained by the court, and, from the judgment sustaining it, this appeal has been perfected.

### Opinion.

Appellant, in five propositions, contends that Davidson and Everett, not having questioned the correctness of the garnishees' answers and having filed no replevin bond, cannot attack the garnishment proceedings and that the affidavit and bond were legally sufficient to warrant the issuance of the writs. As to the right of the defendant in the original suit to attack the validity of garnishment proceedings, there is a divergence of opinion. The Amarillo Court of Civil Appeals holding in Wasson v. Harris et al., 209 S. W. 758, and in Margerum v. Sopher et al., 46 S.W.(2d) 457, that he (the defendant) could not take advantage of defects in the garnishment proceedings without first filing a replevin bond as provided for in article 4084, Revised Statutes; while the Eastland court in First National Bank of Munday v. Guinn et al. (Tex. Civ. App.) 57 S.W.(2d) 880, refused to follow the holdings in the above cases and decided that the defendant was entitled to interpose any defense he might have to the garnishment proceedings, regardless of whether he had filed replevin bond.

The Amarillo court in Wasson v. Harris, supra, appears to have based their holding, to some extent at least, upon these holdings of our courts to the effect that junior attaching creditors, purchasers of real estate after the levy of attachment thereon, subsequent lien creditors, claimants of the property, and garnishees could not attack attachment proceedings by reason of irregularities and informalities therein.

As we view the matter, those cases present an entirely different question from the one here. Furthermore, we are of the opinion that the reasoning of the Eastland Court of Civil Appeals is more in accord with the principles of our jurisprudence, and that their holding is fully supported by the authorities cited.

In Margerum v. Sopher et al., supra, the Supreme Court refused a writ of error, but it appears from the decision that the proceedings were not fatally defective; therefore, the refusal of the writ would not necessarily carry with it approval of the further holding of the court denying the defendant the right to question the proceedings.

One of the objections urged by appellees to the writ was that it was defective for the reason that an indebtedness due the Athens Gin Company could not be impounded in garnishment proceedings in satisfaction of, or to be applied to, the indebtedness of appellees, who hold only an interest in said Gin Company.

Appellant, in its application, alleged that it had reason to believe and did believe that the insurance companies named were indebted to the Athens Gin Company, which said gin company was owned partly by appellees.

The writ commanded the garnishees to answer what, if anything, they were indebted to the Athens Gin Company. The Mechanics' & Traders' Insurance Company filed its answer in which it alleged that it had been informed and believed that the Athens Gin Company was a copartnership composed of A. F. Davidson and others.

Appellant nowhere controverted such allegation, therefore, it will be presumed, as far as this appeal is concerned, that the Athens Gin Company is a copartnership.

It follows that the objection was valid and that the court properly sustained the motion to quash.

If we be correct in so holding, then the further questions as to the sufficiency of the writ and affidavit therefor need no discussion.

The judgment of the trial court is affirmed.