EXIE M. CLEVELAND V. SAN ANTONIO BUILDING AND LOAN ASSOCIATION AND BERTHA OTTERSTETTER.

No. A-2153. Decided October 5, 1949.
(223 S. W., 2d Series, 226.)

*Harry B. Berry* and *G. Woodson Morris,* both of San Antonio, for petitioner.

Is the nature of appellant's demand against appellee, the garnishee, such as will support the writ of garnishment under Article 4076, sec. 2, Vernon's Civ. Stat.? First Bank of Munday v. Guinn, 57 S. W. (2d) 880; Buerger v. Wells, 110 Texas 566, 222 S. W. 150; Wichita County v. Tittle, Tex. Com. App., 41 S. W. (2d) 11.

On the question of the necessity of defendant to replevy funds impounded as a condition precedent to a motion to quash a writ of garnishment. Wasson v. Harris, 209 S. W. 758; First Bank of Athens v. Davidson, 67 S. W. (2d) 456; Continental Supply Co. v. Carter, 13 S. W. (2d) 972.

*Walter C. Wolff* and *Charles J. Lieck,* both of San Antonio, for respondents.

In reply to above propositions. Brown v. Chancellor, 61 Texas 437; George v. Hesse, 93 S. W. 107; Welch v. Renfro, 94 S. W. 107.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

The trial court sustained the motion of respondent Bertha Otterstetter, defendant in the principal suit, to quash a writ of garnishment issued on the application of petitioner Exie M. Cleveland, plaintiff in that suit, against respondent San Antonio Building and Loan Association as garnishee. The Court of Civil Appeals affirmed the judgment. 223 S. W. (2d) 224.

As stated in the opinion of the Court of Civil Appeals, only two questions are presented for decision: The first, whether the cause of action as set out in petitioner's pleadings is one that

will support the issuance of a writ of garnishment; the second, whether respondent Bertha Otterstetter, the defendant in the principal suit, may question the validity of the writ of garnishment without first filing a replevy bond.

■ The trial court in quashing the writ of garnishment sustained the contention made by respondent that the pleadings of Exie M. Cleveland as plaintiff in the principal suit alleged an action in tort for fraud and deceit and not a liquidated demand for debt, and that the issuance of the writ of garnishment was unauthorized. To determine the nature of the cause of action alleged in the principal suit we may look both to the original petition, which was on file when the writ of garnishment was issued, and to the fourth amended original petition, which was on file when the motion to quash was heard and acted upon. Kildare Lumber Company v. Atlanta Bank, 91 Texas 95, 101, 41 S. W. 64; Tarkington v. Broussard, 51 Texas 550.

According to Subdivision 2 of Article 4076 of the Revised Civil Statutes of 1925, the writ of garnishment may be issued "where the plaintiff sues for a debt" and makes the affidavit required to be made by that subdivision. Does the petitioner in this case sue for a debt within the meaning of the statute?

The substance of the allegations of the plaintiff's original petition is as follows: The defendant Bertha Otterstetter, in March, 1946, by fraud and deceit induced the plaintiff to pay her $2,000.00 in cash as consideration for the purchase of the business and contents of a rooming and boarding house in the City of San Antonio rented by the defendant from the owner of the premises. The defendant, although fully informed at the time the purchase was made by the plaintiff that the owner of the premises had applied to the San Antonio office of the "O.P.A. Rent Control" for a certificate of eviction to effect major improvements on the premises, and that because of the application the business could not be operated in the premises after June 4, 1946, concealed those facts from the plaintiff, represented to her that the right to occupy the premises would not be terminated in the foreseeable future, and by misrepresentation induced the plaintiff not to make investigation. The order was made by the rent control authority and the right to occupy the premises was terminated on June 4, 1946. Because of the scarcity of housing facilities in San Antonio, the plaintiff was not able to obtain other property in which to operate a rooming and boarding house business, and the equipment, the contents of the house, was of no value whatever with no opportunity to use it in other premises, whereby she was damaged in the

sum of $2,000.00. She further alleges that by reason of the fraud and deceit the transaction should be rescinded, that she stands ready to return the personal property that she received from the defendant, and is entitled to the return of the $2,000.00 which she paid.

The plaintiff's fourth amended petition makes in greater detail substantially the same allegations of fact as those contained in the original petition. It alleges further that the defendant left San Antonio to be gone for an indefinite period of time, and that because the plaintiff did not know where the defendant could be found until about two or three days before this suit was brought, she could not give the defendant notice of rescission except by suit. She asks for rescission and recovery of the $2,000.00 paid, offering to return the property that she received from the defendant. In the alternative she sues for damages.

■ The statute authorizing the issuance of the writ of garnishment and that relating to the issuance of the writ of attachment, Article 275, have not been construed as authorizing the writs to be issued only when the plaintiff's suit is technically an action for debt. Neither of the writs may be issued when the suit is for damages for tort, but they may be issued when the plaintiff's claim arises out of contract either express or implied, and the demand is liquidated, that is, the amount of the claim is not contingent, is capable of being definitely ascertained by the usual means of evidence, and does not rest in the discretion of the jury. Wise & Jackson v. Nott, 283 S. W. 1110; Stewart v. Forrest, 124 S. W. (2d) 887; Hochstadler Bros. v. Sam, 73 Texas 315, 11 S. W. 408; Gray v. Merritt (Com. App.) 276 S. W. 187; Kildare Lumber Co. v. Atlanta Bank, 91 Texas 95, 41 S. W. 64; Stiff v. Fisher, 2 Texas Civ. App. 346, 21 S. W. 291; Hall v. Parry, 55 Texas Civ. App. 40, 118 S. W. 561. Several of the cases above cited relate to attachment, but the rule announced by them applies as well to garnishment cases, as Article 275 authorizes the issuance of the writ of attachment upon the plaintiff's making affidavit stating "that the defendant is justly indebted to the plaintiff, and the amount of the demand." A suit for damages for breach of contract is not a common law action of debt, but the writ of attachment may issue in such a suit provided the demand is a liquidated demand as above explained. Hochstadler Bros. v. Sam, 73 Texas 315, 11 S. W. 408; Gray v. Merritt (Com. App.) 276 S. W. 187.

■ The instant suit is not, except incidentally or in the alternative, an action in tort for damages suffered on account of the

fraud and deceit alleged. The action arises out of the contract between the plaintiff and the defendant, and is primarily for the recovery of a definite sum, that is, the $2,000.00 which the plaintiff paid to the defendant. In substance and effect the plaintiff waives the tort and brings an action in assumpsit for money had and received by the defendant, being an action upon a promise implied in law, a fictitious promise and obligation arising from the application of equitable principles to the circumstances. The gist of the plaintiff's suit is that through fraud and deceit the defendant procured from her and retains $2,000.00, for which the plaintiff received nothing but certain personal property which in the circumstances and because of the fraud is of no value, that she has rescinded the contract of purchase in so far as was possible in view of the defendant's absence, offers to return the personal property, and is justly entitled to rescission and the recovery of the $2,000.00. The action of assumpsit, although of delictual origin, long ago became a means of enforcing contracts, express or implied, even when a sum certain is to be recovered. And a petition which, as here, is equivalent to a declaration in assumpsit for money had and received, seeks recovery on a contract implied in law and brings an action of the class in which the law authorizes attachment or garnishment to issue. Gray v. Merritt (Com. App.) 276 S. W. 187; Gould v. Baker, 35 S. W. 708; Briley v. Hay, 13 S. W. (2d) 997; McCall v. Superior Court, 1 Cal. (2d) 527, 36 Pac. (2d) 642, 95 A. L. R. 1019; Philpott v. Superior Court, 1 Cal. (2d) 512, 36 Pac. (2d) 635, 95 A. L. R. 990; Ames' The History of Assumpsit, 2 Harvard Law Review, pp. 1, 53; F. W. Maitland's The Forms of Action at Common Law (1941 Ed.) pp. 68-70.

■ The Court of Civil Appeals held that the plaintiff's demand is not one for money had and received and is not a suit for debt as that term is used in Article 4076, because the plaintiff must prove allegations of fraud and deceit and because no rescission of the contract by agreement or otherwise had been effected before the suit was filed: A California decision above cited (McCall v. Superior Court, 1 Cal. (2d) 527, 36 Pac. (2d) 642, 95 A. L. R. 1019) seems to support that conclusion. In the instant suit the plaintiff, according to the allegations of her fourth amended petition, did everything in her power to accomplish a rescission in pais before instituting the suit. The fraud and deceit alleged as the basis for the right to rescind must be alleged and proved whether rescission is accomplished before suit is instituted or is sought in the suit. The fraud and deceit are elements in the action of assumpit, furnishing the foundation for the rescission and for the implied obligation of

the defendant to restore the money received. In substance, the action is for the recovery of the $2,000.00 paid, a sum certain. In our opinion the action is one in which the issuance of the writ of garnishment is authorized. The motion to quash the writ of garnishment should have been overruled.

■ We agree with the ruling of the Court of Civil Appeals that respondent Bertha Otterstetter, defendant in the trial court, should have been permitted, as she was, to attack the writ of garnishment by motion to quash, without first replevying the impounded fund. There is conflict in the decisions of the courts of civil appeals on this question. The ruling of the Court of Civil Appeals herein follows the decisions of the Eastland Court in First National Bank of Munday v. Quinn, 57 S. W. (2d) 880, and of the El Paso Court in First National Bank of Athens v. Davidson, 67 S. W. (2d) 456. The Amarillo Court has twice held that the defendant in the principal suit may not question the validity of a writ of garnishment without first filing a replevy bond. Wasson v. Harris, 209 S. W. 758; Margerum v. Sopher, 46 S. W. (2d) 457.

We believe, as did the Court of Civil Appeals in this case, that the better reasoning supports the holding of the Eastland and El Paso Courts. Rule 664, formerly Article 4084, authorizes the defendant in the principal suit, at any time before judgment, to "replevy any effects, debts, shares, or claims of any kind, seized or garnisheed, by giving bond * * * payable to the plaintiff in double the amount of the plaintiff's debt", and also provides that "in all proceedings in garnishment where the defendant gives bond, as herein provided for, such defendant may make any defense which the defendant in garnishment could make in such suit." The provision last quoted seems to be the basis of the decision of the Amarillo Court of Civil Appeals in Wasson v. Harris, 209 S. W. 758, that the defendant may not question the validity of the writ without first filing a replevy bond. We agree with the Eastland Court of Civil Appeals that the above-quoted provision of the rule "was never intended to limit the defendant's right to attack the garnishment proceedings, but to make clear that, in the event he replevied the property, he did not thereby waive any of the defenses he theretofore had." 57 S. W. (2d) 880, 882.

Neither Rule 664 nor any other rule expressly requires that the defendant execute a replevy bond before he is permitted to attack the garnishment proceedings, and in our opinion there is no good reason for the implication of such a requirement. The defendant is directly interested. It in his property that is

impounded by the writ, and he should be permitted to show the invalidity of the proceeding that has thus affected him. As suggested by the opinion of the Eastland Court of Civil Appeals, the defendant might not be financially able to make a replevy bond, the garnishee might show no interest in protecting the defendant, and in such circumstances the defendant should not be deprived of the right to defend against the garnishment proceedings when the rules do not clearly disclose an intention to make the filing of a replevy bond a prerequisite for attacking the writ.

It is true that application for writ of error in Margerum v. Sopher, 46 S. W. (2d) 457, was "refused" at a time when Article 1728 as amended by Chapter 144, Acts of the Regular Session of the 40th Legislature, provided that "in all cases where the judgment of the Court of Civil Appeals is a correct one and where the principles of law declared in the opinion of the court are correctly determined, the Supreme Court shall refuse the application." In that case the judgment of the trial court sustaining the validity of the garnishment proceeding was affirmed by the Court of Civil Appeals on another ground. After further consideration of the question as to the right of the defendant to attack the writ of garnishment, our opinion is that the "refusal" of the application for writ of error in Margerum v. Sopher (46 S. W. (2d) 457) was erroneous in so far as it indicated approval of the holding of the Court of Civil Appeals in that case that the defendant was required to file a replevy bond before questioning the validity of the writ.

The judgments of the Court of Civil Appeals and the district court are reversed and the cause is remanded to the district court for further proceedings consistent with this opinion.

Opinion delivered October 5, 1949.

No motion for rehearing filed.