## THOMAS v. BUEHLER.
### No. 10094.

Court of Civil Appeals of Texas.
Austin.

Jan. 7, 1953.

Rehearing Denied Jan. 28, 1953.

A. J. Marshall and John E. V. Jasper, Dallas, by W. R. Sessions, of Dallas, for appellant.

Edward C. Fritz, Dallas, for appellee.

HUGHES, Justice.

The matters presented for review by this appeal are certain garnishment proceedings instituted by appellee, Dr. Martin Buehler, against the Fort Worth National Bank and Robert Thomas, garnishees, and appellant, Mrs. Ruth Thomas, as defendant.

The garnishment proceedings were ancillary to a pending suit brought by appellee against appellant for $450 alleged to be due for medical services rendered ard for $200 as reasonable attorney's fees.

The garnishee bank answered by stating that it held the proceeds of a note which had been payable solely to Mrs. Ruth Thomas in monthly installments of $350. The sum paid in full satisfaction of the note is far in excess of the amount involved in this suit. Mrs. Thomas refused to accept prepayment of the note and the bank was paying her in installments as provided in the note until served with Writ of Garnishment, after which no payments had been made. The bank further answered that it owed Mrs. Thomas $411.39 ($350 note payment plus accrued interest) at the time of its answer; an amount in excess of the amount of the judgment in the principal case.

Appellant intervened in the garnishment case and moved to quash the proceedings on the grounds (1) that they were not based upon a liquidated demand and (2) that the note referred to above was a nonnegotiable chose in action and not subject to garnishment.

Appellee replied to this motion by alleging that in the main case, following a jury trial, he, on June 28, 1951, had recovered a final judgment against appellant for $300. He also alleged that appellant had filed a replevy bond in the garnishment proceedings and he prayed for judgment for $300 plus interest against appellant and the sureties on the replevy bond.

The court rendered a judgment herein on December 24, 1951, but this judgment was set aside and new trial granted at appellant's request, the date of this action being between December 26, 1951, and January 12, 1952.

On February 28, 1952, the court overruled appellant's motion to quash and rendered judgment against appellant and the sureties on her replevy bond for $408.70 with six per cent interest from that date, such sum representing the judgment recovered in the principal case and $100 allowed attorneys for garnishees.

The trial was nonjury.

There is no statement of facts but numerous findings of fact and conclusions of law were made and filed by the trial judge. One of these findings was that "at the trial hereof, the parties agreed in open court to submit the cause to the court upon the records in this cause and cause No. 92,-719–A (principal case), recognizing as true" the matters contained in the answers of the garnishees.

Appellant's first assignment of error is that the court erred in basing his judgment of February 28, 1952, on hearing held before a new trial was granted. That judgment did appear to be so worded, however the court corrected such judgment on September 26, 1952, so as to the show that a hearing was held on January 12, 1952, and that the judgment was based thereon. The point is overruled.

■ The second and third points are that the court erred in refusing to quash the writ of garnishment, the alleged infirmity in the proceedings being that the main suit was not for a "debt" within the meaning of Article 4076, Vernon's Ann. Civ.St.

Appellee's main suit against appellant was for the recovery of the reasonable value of medical services rendered appellant at her request and at the request of her legal guardian. After itemizing the various charges appellee, in a trial amendment, made this allegation:

"These figures are all approximate, and may vary upward and downward, particularly upward, from item to item, but the total reasonable value of all these services, which were all necessary, is $450.00."

In our opinion this allegation does not make the demand unliquidated. A claim for the reasonable value of services or property is upon a liquidated demand and is for a "debt" within the above statute. Stiff v. Fisher, 2 Tex.Civ.App. 346, 21 S.W. 291, cited with approval in Cleveland v. San Antonio Bldg. & Loan Ass'n, 148 Tex. 211, 223 S.W.2d 226, 12 A.L.R.2d 781; Austin Nat'l Bank v. Bergen, Tex.Civ.App., 47 S.W. 1037 (Austin CCA).

■ Appellant's fourth point is that the judgment in the garnishment suit did not run against the garnishees as well as herself and the sureties on her replevy bond. Appellant concedes that the judgment against the garnishees would be a mere formality and that no execution could be issued against them.

The court in the judgment found that the garnishee bank was indebted to appellant in the sum of $411.39 and that said money had been replevied by appellant. The judgment was against appellant and the sureties on the replevy bond and provided:

"* * * that said judgment when paid shall operate as a satisfaction of the claim and judgment against said garnishee."

Appellant's point is devoid of substance and is contrary to the law announced in Smith v. Bradshaw, Tex.Civ.App., 105 S.W. 2d 340, Bradshaw v. Smith, 130 Tex. 180, 108 S.W.2d 200, Dallas CCA, writ ref. It is there held that no judgment should be rendered against the garnishee if a proper replevy is made. The judgment here seems to be more onerous than the law requires.

The last point made by appellant is that the trial court erred in concluding as a matter of law that the writ of garnishment impounded $411.39 of her funds in the garnishee bank. Appellant's complete argument under this point reads:

"The evidence is insufficient to support the Courts findings on this point and in fact the legal effect of putting up the money in exchange for the release of the note is to pay and discharge same and all of the money in the bank would then become funds of appellant subject to her direction and if in trust, in a trust terminable at her will."

We are unable to appraise this point under the record before us and it is, therefore, overruled.

Finding no reversible error the judgment of the trial court is affirmed.

Affirmed.