**BUTLER, RINEHART & MORRISON et al., Appellants,**

v.

**James M. McDANIEL et al., Appellees.**

No. 15043.

Court of Civil Appeals of Texas. Dallas.

Jan. 13, 1956.

Rehearing Denied March 1, 1956.

CRAMER, Justice.

This is an appeal from an order quashing a writ of garnishment. Appellants are attorneys who filed the main suit against James M. McDaniel and Mildred L. McDaniel to recover an attorney's fee of $10,000 plus $171.91 as necessary expenses incurred by them, all alleged to be due them under a written contract of employment in which Mrs. McDaniel employed them to represent her in a divorce suit against her husband, James M. McDaniel. Appellants, in an alternative count, also sued in quantum meruit.

The garnishees in their answer admitted that they held $15,274.70 to the credit of James M. McDaniel and impleaded him, together with his wife, Mildred McDaniel.

The McDaniels filed a motion to quash the writ, which was first sustained as to all amounts over $2,000. Later another motion was filed to quash and dismiss, to which appellants answered seeking restoration of the released funds above the $2,000 impounded under the original writ. After a hearing, appellees' motion was sustained, appellants' motion overruled, and the writ quashed in toto.

Appellants in addition to perfecting their appeal from the order quashing the writ, also took the necessary steps to perfect an appeal from the order denying the restoration of the effect of the writ to the entire $10,000 of the money originally impounded in the hands of the garnishee.

Appellants here brief four points of error. Point 1 asserts error in holding that appellants' contractual cause of action is not for "debt" authorizing a writ of garnishment under art. 4076, Vernon's Ann. Civ.St., and in quashing the writ of garnishment. Appellees counter that an attorney's contract for a fee in a divorce suit is unenforceable and will not support the writ of garnishment.

It is undisputed that Mildred L. McDaniel, wife of James M. McDaniel, through referral by appellants Butler, Rinehart & Morrison, Attorneys of Oklahoma City,

Shields & Whittington, Dallas, for appellants.

White & Yarborough, Yarborough, Yarborough & Johnson, Dallas, for appellees.

consulted Edward C. Fritz, Dallas attorney, with reference to a divorce by Mrs. McDaniel from her husband; also as to a division of their community property, together with ancillary actions in Oklahoma, and in the divorce proceedings, etc.; that she signed a written contract to pay said attorneys a $10,000 fee for such representation, plus expenses; that such action was filed in Dallas County and an ancillary suit filed in Oklahoma. Such proceeding was filed and prosecuted with diligence for a period of about four months, when Mr. and Mrs. McDaniel effected a reconciliation. Thereafter a demand was made for the payment of the $10,000 fee for services rendered under the contract. After refusal to pay, this present suit was filed against the McDaniels; and in an ancillary suit the writ of garnishment here involved was issued against Sinclair Crude Oil Company, which impounded the oil runs, etc. Thereafter on motions to quash, the writ was, as above stated, partially quashed and later quashed in full.

The only question under point (and counter-point) 1, is whether the wife's contract to pay the attorney fee here sued upon is now enforceable as a liquidated demand or debt sufficient to sustain a writ of garnishment. Article 4076, V.A.C.S., sets out the causes in which the writ may be issued, and under subd. 2 provides: "Where the plaintiff sues for a debt and makes affidavit that such debt is just, due and unpaid, and that the defendant has not within his knowledge property in his possession within this State, subject to execution, sufficient to satisfy such debt; and that the garnishment applied for is not sued out to injure either the defendant or the garnishee." Subd. 2 is the basis of the writ here.

■ "Debt," as used in our garnishment statute, supra, covers actions at law in assumpsit. Cleveland v. San Antonio Bldg. & Loan Ass'n, 148 Tex. 211, 223 S.W.2d 226, 12 A.L.R.2d 781, and cases there cited.

The record shows the attorneys' contract was being performed, and while they were in the process of performing such services under the contract, appellees composed their differences and resumed their marital status, making it impossible for the attorneys to complete the balance of the services covered by the written contract.

■ Appellants in this action sue for the entire fee provided for in the contract. Ordinarily defenses to the collection of a debt or a part thereof do not change the nature of the cause of action as it existed at the time it was filed and at the time a writ of garnishment was issued and served.

■ It is undisputed that all services contemplated by the contract, up to the time the parties made it impossible for appellants to complete the contract, had been performed. Under such circumstances, we are of the opinion that the writ, being authorized when issued, was not subject to be quashed on the ground that part of the consideration had failed. The plaintiffs' cause of action was based on the debt. The defendants' defense did not change the nature of the action; neither did the reconciliation of the parties to the divorce case (such reconciliation being encouraged by the courts) change the nature of the action for debt, based upon the contract for the attorney's fee.

■ The fact that there may be a defense of partial failure of consideration, or other defenses, to appellants' cause of action does not affect the garnishment proceeding based on the contract debt here sued on. The garnishment was based primarily on the plaintiff's cause of action for the contract debt and the allegation that the attorneys had performed all duties thereunder except where prevented from so doing by the acts of the parties to the main divorce proceeding. We are also of the opinion that the fact that there may be the defense of the absence of good faith and probable cause on the part of the wife in the bringing of the suit, does not affect the validity of the contract debt as a basis of the alleged liquidated demand. It was the plaintiffs' petition which settled the nature of the suit here, not the defenses thereto. Point 1 must be sustained.

Point 2 asserts error in holding that appellants' alternative count in quantum meruit is not based on debt within the meaning of art. 4076, supra, and in quashing the writ. Appellees counter that a quantum meruit claim for attorneys fees in a divorce suit is upon an unliquidated demand and will not support a writ of garnishment.

As above stated, the main suit was upon the written contract for a fixed sum of $10,000, and the quantum meruit count, under point 2, is an alternative count and therefore not fatal to the writ based upon the first count in the pleading. Cleveland v. San Antonio Bldg. & Loan Ass'n, supra; Big Four Shoe Stores v. Ludlam, Tex.Civ. App., 63 S.W.2d 885; Fleming v. Pringle, 21 Tex.Civ.App. 225, 51 S.W. 553.

Point 3 asserts error in holding that the itemized sum expended by appellants for court costs, depositions, and other expenses of suit in representing Mrs. McDaniel, is not a debt within the meaning of art. 4076 and in quashing the writ. As stated under Point 1, these items were covered by the written contract of employment signed by Mrs. McDaniel, and as such, were debts under art. 4076, subd. 2. Point 3 is sustained

Point 4 asserts that the trial court erred in its preliminary order quashing all but $2,000 of the sum impounded under the writ and in refusing on final hearing to restore the fund to the original $15,274.20. Appellees counter that the order quashing the writ of garnishment was a final order, and when no appeal was perfected therefrom, the garnishment could not be restored by motion. It is settled law in Texas that an order sustaining a motion to quash a writ of garnishment is a final judgment and a final disposition of the garnishment proceeding, and that an appeal will lie therefrom. Proctor v. Associates Inv. Co., Tex.Civ.App., 257 S.W.2d 324. It is undisputed that there was no appeal from the first order here involved and the only question is whether or not a partial quashing of the writ, as here, was a final order. In our opinion the order quashing the writ as to all but $2,000 of the moneys on hand, was not a final order since a final judgment on the whole garnishment proceeding was not entered. A final judgment disposes of the entire suit, not just a portion thereof.

The first judgment which quashed the writ as to all sums over $2,000 was an interlocutory order, not appealable, and made over the protest of the garnishor. The record here does not show whether or not the garnishee paid out the sums over the $2,000, and we assume he did not, since we find no authority which would sustain the validity of the order. The only appealable order was the last one which sustained the motion to quash the writ in toto, and from which this appeal has been duly perfected. Point 4 is sustained.

For the errors pointed out, the judgment of the trial court is reversed and the cause is remanded for a new trial not inconsistent with this opinion.

Reversed and remanded.

### On Rehearing.

Appellees have filed a vigorous motion for rehearing. In view of such motion we add the following authorities to our original opinion: In Smith v. Lipscomb, 13 Tex. 532, our Supreme Court held that the client of an attorney was liable for the entire fee when the client prevents a complete performance of the contract of employment. Such holding has been followed in Baca v. Weldon, Tex.Civ.App., 230 S.W. 2d 552, syl. 5, error ref. n. r. e.; in Dodds & Wedegartner, Inc., v. Reed, Tex.Civ. App., 69 S.W.2d 165, error dis.; and in Sanderson v. Sanderson, Tex.Com.App., 130 Tex. 264, 109 S.W.2d 744.

Being of the opinion that our original disposition of this cause was correct, the motion for rehearing will be

Overruled.