**In re STARFLITE MANAGEMENT GROUP, INC., d/b/a StarFlite Aviation.**

No. 09–05–099 CV.

Court of Appeals of Texas, Beaumont.

Submitted March 23, 2005.

Decided April 21, 2005.

Thomas B. Alleman, Fred J. Meier, Winstead Sechrest & Minick, PC, Dallas, John W. Newton III, Orgain Bell & Tucker, LLP, Beaumont, for relator.

John Werner, Reaud Morgan & Quinn, LLP, Beaumont, for real party in interest.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

PER CURIAM.

Relator, StarFlite Management Group, Inc., d/b/a/ StarFlite Aviation ("StarFlite"), has filed a petition for writ of mandamus alleging an abuse of discretion by the trial court in the signing of a discovery order that granted the motion of

real party-in-interest, Mary Trahan,[1] to compel StarFlite to produce certain financial documents. On March 11, 2005, we temporarily stayed the trial court's order and requested a response by Ms. Trahan. We conditionally grant mandamus relief and vacate our stay order.

The underlying suit stems from the crash of an aircraft on September 20, 2003, in which Ms. Trahan's husband, Ronald Keith Trahan, was killed. Two other individuals also perished in the crash. It is alleged that at the time of the crash Ronald Keith Trahan and the two other decedents were employees or independent contractors of StarFlite. According to the accident report compiled by the National Transportation Safety Board, the three decedents were licensed pilots and held flight instructor certificates as well. At the time of Respondent's ruling, Trahan framed her cause of action as follows:

Plaintiffs further allege that the negligence of Defendants, their agents, servants, and employees, was a proximate cause of the injuries and damages in question. Plaintiffs would show that at all times material hereto, Defendant Starflite was eligible to become a subscriber under the Workers' Compensation laws of the State of Texas; but failed and refused to become a subscriber and, therefore, Defendant Starflite is unable to urge as a bar to recovery contributory negligence; injury caused by the negligence of a fellow servant, and its statutory defenses by Texas Labor Code § 406.033 have been removed.

. . . .

RONALD KEITH TRAHAN, Deceased, suffered severe and fatal injuries as a proximate result of the negligent acts and/or omissions of the Defendants. . . .

We find the following procedural history of the underlying litigation to be pertinent:

1. December 1, 2004. Oral deposition of defendant, John S. Beeson, taken.

2. December 6, 2004. Oral deposition of defendant, David Trigg, taken.

3. December 6, 2004. Oral deposition of defendant, William Jeffrey (Jeff) Ware, taken.

4. January 4, 2005. "Plaintiff's First Supplement To Motion For Sanctions Against StarFlite and/or David Trigg; To Motion To Continue Hearing On Motion For Summary Judgment; And To Motion To Redepose John Beeson and David Trigg" filed.

5. January 5, 2005. Trahan files her Sixth Amended Petition which adds, as individual defendants, David Trigg and his wife, Jerri Trigg, Jeff Ware and his ex-wife "Carla" Ware, and adds as a corporate defendant, CEMR, Inc., a company owned by the David Trigg Children's Trust. This Sixth Amended Petition appears to also add four additional allegations: "Single Business Enterprise," "Alter Ego," "Fraudulent Transfer," and "Partnership."

6. January 13, 2005. Hearing on Trahan's First Supplemental Motion For Sanctions, etc. . . . Respondent denied motion for sanctions, but granted motion to continue summary judgment hearing, and granted motion to re-depose defendants Beeson and David Trigg. At this hearing, docu-

---

1. The underlying lawsuit, trial court cause number A–171,169, is *Mary Trahan, et al. v.* *StarFlite Management Group, Inc., et al.*

ment production was not an issue raised by either party.

7. February 7, 2005. "Plaintiff's Motion To Compel Complete Response To Discovery By Defendants" filed. The only apparent basis alleged for Trahan's need for "complete responses" was stated as: "In order to fully conduct the re-depositions of Beeson and David Trigg, and in order to fully depose Jerri Trigg, it is necessary to have all responsive discovery materials produced so that they can be reviewed and organized prior to their depositions."

8. February 11, 2005. Hearing on Trahan's Motion To Compel, and on StarFlite's Motion To Bifurcate and Special Exceptions. Respondent granted StarFlite's Special Exceptions and strongly suggested Trahan plead more factual basis for her various allegations. Respondent reserved his ruling on the Motion To Bifurcate until closer in time to trial. Respondent orally granted Trahan's Motion To Compel, finding, inter alia, the production of the documents in question not to be unreasonably burdensome, notwithstanding Jeff Ware's affidavit to the contrary.

9. February 14, 2005. Defendant John S. Beeson re-deposed.

10. March 4, 2005. Defendant Jerri Trigg deposed, and defendant David Trigg re-deposed.

11. March 9, 2005. Respondent signs written order granting Trahan's Motion To Compel Complete Response To Discovery by StarFlite, and ordering StarFlite to comply on or before March 14, 2005.

StarFlite's mandamus petition contends the Respondent's order compelling production is an abuse of discretion because: (1) disclosure of the requested documents violates the privacy rights of StarFlite and of others involved in the underlying litigation; (2) the discovery being sought is entirely irrelevant to any issue in the underlying litigation; (3) the requested discovery is entirely overbroad and harassing; and (4) the requested discovery on insurance matters is entirely outside the permissible scope of discovery. The March 9, 2005, order requires StarFlite to produce to Trahan "true and correct copies" of the following:

A. **All** documents relating to the shopping for, procurement of, and/or purchase of the insurance in force on the aircraft in question (N45BP) on the date of the incident made the basis of this lawsuit.

B. **All** StarFlite cancelled checks from January 1, 2000 to present.

C. **All** StarFlite bank statements or other records showing the assets, debits and credits of the company from January 1, 2000 to present.

D. **All** credit card statements, bills, invoices, summaries of charges, details of charges, or other similar documents for which the bill or invoice or detail of charges was paid, in whole or in part, by StarFlite, from January 1, 2000 to present.

E. The tax returns of StarFlite from January 1, 2000 to present.

F. Documents demonstrating that the sums withheld from the paychecks of Keith Trahan, David Howard and Santiago Miravete in 2003 as "social security" or "Medicare" withholding were in fact remitted to the appropriate taxing authorities in a timely manner.

G. QuickBooks or other similar computer database reports or documents for the time period January 1, 2000 to present pertaining to:

1. **Any and all** loans to or from StarFlite **(with all activity related thereto);**

2. **All payments of whatever kind or character,** whether categorized as payments of equity, debt, wage, salary, consultant fee, or other remuneration, by StarFlite; and

3. **All payments of whatever kind or character,** whether categorized as payments of equity, debt, wage, salary, consultant fees, or other remuneration by StarFlite to John Beeson, David Trigg, Jerri Trigg, or other corporations or partnerships in which John Beeson and/or Jeff Ware and/or David Trigg and/or Jerri Trigg have an ownership interest.

H. State, for each payment to any credit card company made by StarFlite from January 1, 2000 to present: Date of payment; Amount of payment; Reason(s) for incurrence of underlying obligation which was paid; Business reason, if any, for payment of this charge by StarFlite; and Name of person or entity on card.

■ Mandamus relief is appropriate only if the trial court abused its discretion or violated a legal duty, and there is no adequate remedy at law. *In re Dana Corp.,* 138 S.W.3d 298, 301 (Tex.2004) (orig. proceeding) (citing *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992)(orig. proceeding)). "A trial court's ruling that requires production beyond what our procedural rules permit is an abuse of discretion." *Id.* (citing *Texaco, Inc. v. Sanderson,* 898 S.W.2d 813, 815 (Tex.1995)(orig. proceeding)). "If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist." *Id.* Where a discovery order is overbroad in that it compels production of patently irrelevant or duplicative documents, or requires production of documents from an unreasonably long time period, there is no adequate remedy by appeal. See *In re CSX Corp.,* 124 S.W.3d 149, 151–53 (Tex.2003)(orig. proceeding). Such an order imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party. *Id.* at 153.

■ The rules of civil procedure define the general scope of discovery as any relevant, unprivileged information, even if inadmissible at trial, that "appears reasonably calculated to lead to the discovery of admissible evidence." *See* Tex.R. Civ. P. 192.3(a); *In re CSX,* 124 S.W.3d at 152. Although the scope of discovery is broad, requests must show a reasonable expectation of obtaining information that will aid the dispute's resolution. *Id.* Therefore, discovery requests must be "reasonably tailored" to include only relevant matters. *Id.* at 153 (citing *In re Am. Optical Corp.,* 988 S.W.2d 711, 713 (Tex.1998)(orig. proceeding)).

■ Our resolution of the issue before us is significantly hindered by the fact that we have not been provided with a copy of Trahan's re-pleaded cause of action. As our procedural rules tie scope of discovery to any unprivileged information that is "relevant to the subject of the action," it would seem necessary to have a properly-pleaded cause of action before us in order to determine if the various documents ordered produced are "relevant to the subject of the action," or if the order is fatally overbroad. Further complicating our analysis is the fact that only three days after the February 11 hearing, Trahan proceeded to re-depose John Beeson; and David Trigg was re-deposed and Jerri Trigg was deposed, three weeks after the February 11 hearing. Trahan made no objection, complaint, or any mention of further non-production by StarFlite. Indeed, the record before us indicates that

Trahan introduced an additional twenty-three exhibits during John Beeson's second deposition, ten additional documentary exhibits at David Trigg's second deposition, and one documentary exhibit during Jerri Trigg's deposition.

The entire basis of Trahan's lawsuit is the bare allegation of negligence on the part of all defendants for the September 20, 2003, plane crash. The sixth amended petition includes pleading on alter ego and other means of piercing the corporate veil. The various doctrines for piercing the corporate veil are not substantive causes of action. *See Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 147 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). Instead, they are a means of imposing on an individual a corporation's liability for an underlying cause of action. *Id.* (citing *Farr v. Sun World Sav. Ass'n*, 810 S.W.2d 294, 297 (Tex.App.-El Paso 1991, no writ)). "The results are remedial, expanding the scope of potential sources of relief." *Fuqua*, 29 S.W.3d at 147. "Without an underlying cause of action creating corporate liability, evidence of an abuse of the corporate form is immaterial." *Id.*

In determining whether mandamus should issue, we would normally confine our focus to the record that was before the trial judge when the complained-of ruling was made. *See In re Bristol–Myers Squibb Co.*, 975 S.W.2d 601, 605 (Tex.1998) (orig. proceeding). However, as Trahan notes in her response to the petition for writ of mandamus, "[s]ome of the discovery and documents attached to Real Party in Interest's Appendix were generated after the hearing at which the Motion was orally granted and certainly were not made known to the [Respondent] before signing the Order complained of." These include the deposition of Jerri Trigg, and the second depositions of David Trigg and John Beeson.

In pretrial discovery matters, the party attempting to restrict discovery has the burden of pleading and proving the basis for the desired limitation. *See Kern v. Gleason*, 840 S.W.2d 730, 735–36 (Tex. App.-Amarillo 1992, orig. proceeding). By affidavit, StarFlite's President, Jeffrey Ware, indicates that the documents requested by Trahan are not relevant to any issue in the case and would be burdensome to produce. Ware does not make a claim that any of the documents in question are privileged or immune from production, and there is no presumption that documents are privileged. *See In re E.I. DuPont de Nemours and Co.*, 136 S.W.3d 218, 225 (Tex.2004) (orig. proceeding). Furthermore, Ware's affidavit repeatedly refers to StarFlite's having produced all documents relating to its transactions with John Beeson, but fails to make any mention of the existence of any StarFlite documents involving transactions with or for defendants David Trigg, Jerri Trigg, Jeffrey Ware, Karla Ware, or CEMR, Inc. Additionally, Ware's affidavit appears to misstate the relevancy standard embodied in Tex.R. Civ. P. 192.3(a). To be discoverable, the information sought need not establish a claim or relate directly to only one of several named defendants, but need only appear "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Notwithstanding these inadequacies in StarFlite's proof, a proper discovery order must be "reasonably tailored" to include only relevant matters. *See In re CSX*, 124 S.W.3d at 152.

We reiterate that the parties have failed to provide us with a copy of Trahan's amended petition, but they have included "discovery and documents" that were not before Respondent at the time of his oral pronouncement granting Trahan's Motion To Compel. Also at this time, we have been made aware of five additional defen-

dants that appear to have some relevance to Trahan's various remedial theories of "piercing the corporate veil." Therefore, any further production of documents by StarFlite to Trahan, as reflected in Respondent's discovery order of March 9, 205, must be strictly limited in scope to only such corporate documents, reports, or other similar information in which appear the names, individually or in any combination, of the following defendants: John Beeson,[2] David Trigg, Jerri Trigg, Jeffrey Ware, Karla Ware, and/or CEMR, Inc. We do not find the starting date of January 1, 2000, to involve "an unreasonably long time period" under the facts and circumstances presented. *See In re Dana Corp.*, 138 S.W.3d at 301. Without more specific information as to what documents or other financial information StarFlite has produced, and without a properly pleaded cause of action on Trahan's part, we are constrained from further tailoring the Respondent's order without first permitting Respondent to examine the newly generated "discovery and documents" in light of Trahan's newly-amended pleadings.[3]

For the foregoing reasons, we conditionally grant mandamus relief to StarFlite. We direct the trial court to modify its order to limit the production of the corporate financial and business documents of StarFlite Management Group, Inc. d/b/a StarFlite Aviation to said documents which explicitly refer, by name, to the defendants John Beeson, David Trigg, Jerri Trigg, Jeffrey Ware, Karla Ware, and/or CEMR, Inc. for the periods from January 1, 2000,

to the present. The writ will issue only if the trial court does not modify its order.

**WRIT CONDITIONALLY GRANTED.**

---

2. Beeson is not a "new" defendant as he appears to have been named by Trahan prior to the filing of her Sixth Amended Petition.

3. For "alter ego" purposes, it has been noted that a trial court may consider the following as proof: (1) the payment of alleged corporate debts with personal checks or other commingling of funds: (2) representations that the individual will financially back the corpo- ration; (3) the diversion of company profits to the individual for his personal use; (4) inadequate capitalization; and (5) other failure to keep corporate and personal assets separate. *See Morris v. Powell*, 150 S.W.3d 212, 220 (Tex.App.-San Antonio 2004, no pet.) (citing *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex.1990)).