NO. 07-05-0321-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 14, 2005



______________________________


 

IN RE CHALYN RACHELLE BARLOW, RELATOR


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 In this original proceeding, relator Chalyn Rachelle Barlow ("Barlow"), defendant in
an auto accident case brought by Cam Fannin, Jr. ("Fannin"), seeks writ of mandamus
directing the Honorable Paula Lanehart, judge of the County Court at Law No. 3 of
Lubbock County, to rescind an order requiring Barlow to sign medical authorizations and
requiring Barlow to provide the names of all her medical care providers. We conditionally
grant the writ.

 Fannin, an attorney and pro se plaintiff, sued Barlow and Terry Houchin ("Houchin")
alleging that Fannin was injured when his car was struck by a car that was driven by Barlow
and owned by Houchin. In Plaintiff's Original Petition, Fannin asserted claims of
negligence and negligence per se against Barlow. (1) Fannin sued Barlow for physical
injuries and mental anguish that he allegedly suffered as a result of the accident. 

 In their Original Answer, Barlow and Houchin generally denied Fannin's allegations. 
Barlow later sent written discovery to Fannin requesting information and documents related
to his medical records and medical history. Barlow also asked Fannin to execute a medical
records authorization to allow Barlow to obtain his medical records. In the same manner,
Fannin's written discovery to Barlow included requests for information and documents
related to Barlow's medical records and medical history. Fannin also sought a medical
records authorization to allow Fannin to gather Barlow's medical records. 

 Fannin refused to respond to Barlow's requests for medical information. In her
responses to Fannin's written discovery, Barlow objected on relevancy grounds to the
discovery requests which sought her medical information because, as the defendant, she
was not seeking damages arising from any physical or mental injuries. Without waiving her
relevancy objection to Fannin's request for a signed medical authorization, Barlow
indicated that she "suffers from no medical conditions that affects or impairs her driving
ability." In response to Fannin's interrogatory regarding her medical condition, Barlow
objected on relevancy grounds and said that she "suffer[s] from no medical conditions that
affect or impair [her] driving ability. . . ." 

 The parties filed cross motions to compel and motions for sanctions related to their
discovery requests, and the trial court conducted two separate hearings on the motions to
compel. The trial court also conducted a status conference on July 11, 2005 to determine
the status of the parties' written discovery. During the course of the status conference,
Barlow's attorney continued to lodge his objection to the discoverability of Barlow's medical
information. 

 Following the status conference, Judge Lanehart prepared and signed an order
which, in part, directed Barlow to "sign medical authorizations and return same to Plaintiff's
attorney by August 1, 2005, allowing the gathering of [Barlow's] medical for the period
beginning January 11, 1998 to present and provide the name of all physicians,
psychologists, psychotherapists, psychiatrists and chiropractors with their addresses, who
have treated Ms. Barlow since January 11, 1998." Barlow challenges this portion of the
order through this mandamus proceeding.

 "Mandamus issues only to correct a clear abuse of discretion or the violation of a
duty imposed by law when there is no other adequate remedy by law." Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (citing Johnson v. Fourth Court of Appeals, 700 S.W.2d
916, 917 (Tex. 1985) (orig. proceeding)). "A trial court's ruling that requires production
beyond what our procedural rules permit is an abuse of discretion." In re Starflite
Management Group, Inc., 162 S.W.3d 409, 413 (Tex.App.-Beaumont 2005, orig.
proceeding) (citing In re Dana Corp., 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding)). 
Rule 192.3 defines the general scope of discovery as any relevant, unprivileged information,
even if inadmissible at trial, that "appears reasonably calculated to lead to the discovery of
admissible evidence." TEX. R. CIV. P. 192.3(a); Starflite, 162 S.W.3d at 413. Although the
scope of discovery is broad, requests must show a reasonable expectation of obtaining
information that will aid the resolution of the dispute. In re CSX Corp., 124 S.W.3d 149, 152
(Tex. 2003) (citing In re American Optical, 988 S.W.2d 711, 713 (Tex. 1998)). Thus,
discovery requests must be "reasonably tailored" to include only relevant matters. Id.

 To determine whether the requests will aid the resolution of the dispute, we look to
the pleadings to determine the nature of the dispute. See Starflite, 162 S.W.3d at 413 (the
court's resolution of the issue was significantly hindered by the fact they had not been
provided with a copy of the real party in interest's re-pleaded cause of action); San Antonio
Traction Co. v. Higdon, 123 S.W. 732, 734 (Tex. Civ. App.-San Antonio 1909, writ ref'd)
(stating "that to determine the relevancy of evidence the pleadings of the parties must first
be looked to for the purpose of ascertaining the issue"). In the underlying suit, Fannin
makes only general allegations of negligence and negligence per se against Barlow. 
General allegations of negligence and negligence per se do not support the trial court's
conclusion that Fannin has placed Barlow's medical and mental health conditions at issue. 
Nor does Barlow's general denial place her medical or mental health conditions at issue. 

 Because the pleadings do not indicate Barlow's medical and mental health conditions
form a basis of Fannin's claims or a basis of Barlow's defense, we find the requests are not
reasonably tailored to aid in the resolution of the dispute and the trial court's order requires
production beyond what our procedural rules permit. CSX, 124 S.W.3d at 152; Starflite,
162 S.W.3d at 413. We, therefore, conclude the trial court abused its discretion in ordering
Barlow to sign medical authorizations and requiring Barlow to provide the names of all her
medical care providers since January 11, 1998. (2) 

 In order to determine whether the writ should issue, however, we must further decide
whether Barlow has an adequate remedy at law. Walker, 827 S.W.2d at 840. Barlow does
not have an adequate remedy by appeal if this court would not be able to cure the trial
court's discovery error. Id. at 843. If we uphold the trial court's ruling, Barlow will be
required to produce her medical and mental health information. However, after irrelevant
and sensitive documents have "been inspected, examined and reproduced... a holding that
the court had erroneously issued the order would be of small comfort to relators in
protecting their papers." See Crane v. Tunks, 328 S.W.2d 434, 439 (Tex. 1959) (examining
whether the ordered production of income tax returns was improper). In addition, a party
will not have an adequate remedy by appeal when a discovery order compels the production
of patently irrelevant documents. Walker, 827 S.W.2d at 843 (citing Sears, Roebuck & Co.
v. Ramirez, 824 S.W.2d 558 (Tex. 1992); General Motors Corp. v. Lawrence, 651 S.W.2d
732 (Tex. 1983)). 

 In his response to Barlow's mandamus petition, Fannin argues "[c]ounsel for Barlow
failed to move for a protective order and failed to follow the order of the [trial court] to
authorize in camera inspection of Barlow's medical records...." Rule 192.6 provides that "[a]
person from whom discovery is sought... may move within the time permitted for response
to the discovery request for an order protecting that person from the discovery sought. A
person should not move for protection when an objection to written discovery or an
assertion of privilege is appropriate...." TEX. R. CIV. P. 192.6(a) (emphasis added). In this
case, counsel for Barlow objected to the relevance of the discovery requests regarding
Barlow's medical and mental health information. Therefore, filing a motion for protective
order was unnecessary. Id. 

 Fannin is also mistaken when he states the trial court ordered an in camera
inspection of Barlow's medical records. The trial court's order simply indicates the
requested information should be provided "to Plaintiff's attorney by August 1, 2005." 

 Barlow is, therefore, entitled to the relief sought. We conditionally grant the writ of
mandamus. We are confident that respondent will promptly set aside the part of her July
12, 2005 discovery order which requires Barlow to sign medical authorizations and to
provide the names of all her medical care providers since January 11, 1998. We will direct
the clerk to issue the writ only in the event the trial court fails to rescind this portion of her
July 12, 2005 order. 


 James T. Campbell

 Justice



 
1. 

2. ' 
 
 
-