NO. 07-05-0321-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 14, 2005

_____

IN RE CHALYN RACHELLE BARLOW, RELATOR

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

In this original proceeding, relator Chalyn Rachelle Barlow ("Barlow"), defendant in an auto accident case brought by Cam Fannin, Jr. ("Fannin"), seeks writ of mandamus directing the Honorable Paula Lanehart, judge of the County Court at Law No. 3 of Lubbock County, to rescind an order requiring Barlow to sign medical authorizations and requiring Barlow to provide the names of all her medical care providers. We conditionally grant the writ.

Fannin, an attorney and *pro se* plaintiff, sued Barlow and Terry Houchin ("Houchin") alleging that Fannin was injured when his car was struck by a car that was driven by Barlow and owned by Houchin. In Plaintiff's Original Petition, Fannin asserted claims of

negligence and negligence per se against Barlow.[1]  Fannin sued Barlow for physical injuries and mental anguish that he allegedly suffered as a result of the accident.

In their Original Answer, Barlow and Houchin generally denied Fannin's allegations. Barlow later sent written discovery to Fannin requesting information and documents related to his medical records and medical history.  Barlow also asked Fannin to execute a medical records authorization to allow Barlow to obtain his medical records.  In the same manner, Fannin's written discovery to Barlow included requests for information and documents related to Barlow's medical records and medical history.  Fannin also sought a medical records authorization to allow Fannin to gather Barlow's medical records.

Fannin refused to respond to Barlow's requests for medical information.  In her responses to Fannin's written discovery, Barlow objected on relevancy grounds to the discovery requests which sought her medical information because, as the defendant, she was not seeking damages arising from any physical or mental injuries.  Without waiving her relevancy objection to Fannin's request for a signed medical authorization, Barlow indicated that she "suffers from no medical conditions that affects or impairs her driving ability."  In response to Fannin's interrogatory regarding her medical condition, Barlow objected on relevancy grounds and said that she "suffer[s] from no medical conditions that affect or impair [her] driving ability. . . ."

---

[1] A single claim of negligent entrustment of a motor vehicle was brought against Houchin.

The parties filed cross motions to compel and motions for sanctions related to their discovery requests, and the trial court conducted two separate hearings on the motions to compel. The trial court also conducted a status conference on July 11, 2005 to determine the status of the parties' written discovery. During the course of the status conference, Barlow's attorney continued to lodge his objection to the discoverability of Barlow's medical information.

Following the status conference, Judge Lanehart prepared and signed an order which, in part, directed Barlow to "sign medical authorizations and return same to Plaintiff's attorney by August 1, 2005, allowing the gathering of [Barlow's] medical for the period beginning January 11, 1998 to present and provide the name of all physicians, psychologists, psychotherapists, psychiatrists and chiropractors with their addresses, who have treated Ms. Barlow since January 11, 1998." Barlow challenges this portion of the order through this mandamus proceeding.

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). "A trial court's ruling that requires production beyond what our procedural rules permit is an abuse of discretion." *In re Starflite Management Group, Inc.*, 162 S.W.3d 409, 413 (Tex.App.–Beaumont 2005, orig. proceeding) (citing *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding)). Rule 192.3 defines the general scope of discovery as any relevant, unprivileged information,

3

even if inadmissible at trial, that "appears reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 192.3(a); *Starflite*, 162 S.W.3d at 413. Although the scope of discovery is broad, requests must show a reasonable expectation of obtaining information that will aid the resolution of the dispute. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (citing *In re American Optical*, 988 S.W.2d 711, 713 (Tex. 1998)). Thus, discovery requests must be "reasonably tailored" to include only relevant matters. *Id*.

To determine whether the requests will aid the resolution of the dispute, we look to the pleadings to determine the nature of the dispute. *See Starflite*, 162 S.W.3d at 413 (the court's resolution of the issue was significantly hindered by the fact they had not been provided with a copy of the real party in interest's re-pleaded cause of action); *San Antonio Traction Co. v. Higdon*, 123 S.W. 732, 734 (Tex. Civ. App.–San Antonio 1909, writ ref'd) (stating "that to determine the relevancy of evidence the pleadings of the parties must first be looked to for the purpose of ascertaining the issue"). In the underlying suit, Fannin makes only general allegations of negligence and negligence per se against Barlow. General allegations of negligence and negligence per se do not support the trial court's conclusion that Fannin has placed Barlow's medical and mental health conditions at issue. Nor does Barlow's general denial place her medical or mental health conditions at issue.

Because the pleadings do not indicate Barlow's medical and mental health conditions form a basis of Fannin's claims or a basis of Barlow's defense, we find the requests are not reasonably tailored to aid in the resolution of the dispute and the trial court's order requires production beyond what our procedural rules permit. *CSX*, 124 S.W.3d at 152; *Starflite*,

162 S.W.3d at 413. We, therefore, conclude the trial court abused its discretion in ordering Barlow to sign medical authorizations and requiring Barlow to provide the names of all her medical care providers since January 11, 1998.[2]

In order to determine whether the writ should issue, however, we must further decide whether Barlow has an adequate remedy at law. *Walker*, 827 S.W.2d at 840. Barlow does not have an adequate remedy by appeal if this court would not be able to cure the trial court's discovery error. *Id.* at 843. If we uphold the trial court's ruling, Barlow will be required to produce her medical and mental health information. However, after irrelevant and sensitive documents have "been inspected, examined and reproduced... a holding that the court had erroneously issued the order would be of small comfort to relators in protecting their papers." *See Crane v. Tunks*, 328 S.W.2d 434, 439 (Tex. 1959) (examining whether the ordered production of income tax returns was improper). In addition, a party will not have an adequate remedy by appeal when a discovery order compels the production of patently irrelevant documents. *Walker*, 827 S.W.2d at 843 (citing *Sears, Roebuck & Co. v. Ramirez*, 824 S.W.2d 558 (Tex. 1992); *General Motors Corp. v. Lawrence*, 651 S.W.2d 732 (Tex. 1983)).

In his response to Barlow's mandamus petition, Fannin argues "[c]ounsel for Barlow failed to move for a protective order and failed to follow the order of the [trial court] to authorize *in camera* inspection of Barlow's medical records...." Rule 192.6 provides that "[a]

[2] Barlow's petition for mandamus also contends the records sought are privileged under Rules of Evidence 509 and 510. She has not, however, asserted the privileges in the trial court. *See* TEX. R. CIV. P. 193.2(f), 193.3; *In re Shipmon*, 68 S.W.3d 815 (Tex.App.–Amarillo 2001, orig. proceeding).

person from whom discovery is sought... *may* move within the time permitted for response to the discovery request for an order protecting that person from the discovery sought. A person *should not* move for protection when an objection to written discovery or an assertion of privilege is appropriate...." Tᴇx. R. Cɪv. P. 192.6(a) (emphasis added). In this case, counsel for Barlow objected to the relevance of the discovery requests regarding Barlow's medical and mental health information. Therefore, filing a motion for protective order was unnecessary. *Id*.

Fannin is also mistaken when he states the trial court ordered an *in camera* inspection of Barlow's medical records. The trial court's order simply indicates the requested information should be provided "to Plaintiff's attorney by August 1, 2005."

Barlow is, therefore, entitled to the relief sought. We conditionally grant the writ of mandamus. We are confident that respondent will promptly set aside the part of her July 12, 2005 discovery order which requires Barlow to sign medical authorizations and to provide the names of all her medical care providers since January 11, 1998. We will direct the clerk to issue the writ only in the event the trial court fails to rescind this portion of her July 12, 2005 order.


James T. Campbell
Justice


6