Gladys A. CLAPPER, Executrix of Paul Clapper, Deceased, Appellant,

v.

Dario PETRUCCI et ux., Appellees.

No. 12056.

Court of Civil Appeals of Texas, Austin.

June 27, 1973.

Rehearing Denied July 18, 1973.

George Dulany, Dulany & Holle, Belton, for appellant.

Earl L. Yeakel, III, Mitchell, Yeakel, Orr & Trickey, Austin, Piperi & Roberts, Killeen, for appellees.

SHANNON, Justice.

Appellant, Gladys A. Clapper, executrix of Paul Clapper, filed a writ of garnishment in the district court of Bell County against appellees, Dario Petrucci and wife, Bettie Kennedy Jones Petrucci. The court granted appellees' motion for summary judgment. We will affirm that judgment.

In May of 1967, appellant procured a judgment for $18,238.59 against Hussien Safady. Appellees had given the same Safady a promissory note for $3,500 in 1963 in exchange for the sale of some restaurant equipment. Appellees had fallen behind in payment of that note, and Safady, in 1967, had filed suit against them in the district court of Bell County for the balance of the note.

After learning of the note given by appellees to Safady, appellant filed a writ of garnishment against appellees to obtain whatever sum they owed Safady. Appellees answered, and in an amended answer, termed a "trial amendment", they alleged a partial failure of consideration for the note in that some of the restaurant equipment had never been owned by Safady and, in turn, had been repossessed by its true owner. Appellees also pleaded that they believed that the note had been assigned by Safady to a bank. They alleged further that they did not know the exact sum, if any, they owed to Safady, and, in effect, that sum could only be determined by a judgment in the pending suit filed by Safady.

In July of 1972, prior to the resolution of the suit by Safady against the appellees, appellant obtained a judgment against the appellees in the garnishment proceeding for $2,916.68. However, the terms of this judgment provided that its execution would be "stayed" until judgment was entered in the suit by Safady on appellees' note so that the appellees might prove any off-sets or credits due them.

In October of 1972, Safady filed a motion for non-suit in his suit on appellees' note. Appellees in November of 1972, filed an amended answer in the garnishment suit asserting, for the first time, that the debt upon which the garnishment action was based was barred by limitations. Appellees then filed their motion for summary judgment grounded upon the plea of limitations which the court granted.

Upon request, the court filed findings of fact and conclusions of law, and, among other things, concluded that the July judgment in the garnishment suit was interlocutory, and that Safady's non-suit created appellees' defense of limitations.

In support of the judgment, appellees say that appellant could have had no greater right to the recovery of money against them than Safady. Appellees claim that any right of recovery against them by Safady was barred by the four year statute of limitations, Vernon's Ann.Tex.Rev.Civ. Stat. art. 5527, as the result of his dismissal of the suit.

To this argument appellant replies that the liability of the garnishee is fixed when the writ of garnishment is served or when the garnishee files his answer. At those

times the garnishor "steps into the shoes" of the debtor, says appellant, and subsequent acts of the debtor or garnishee are unavailing to defeat the garnishor's rights. Appellant relies on Gause v. Cone, 73 Tex. 239, 11 S.W. 162 (1889) as authority for these propositions.

Appellees admit, of course, that at the time of the service of the writ of garnishment or the filing of their answer, their obligation to Safady was not barred. They recognize that it was only after Safady took the non-suit, nearly three years later, did the defense of limitations possibly arise.

We will affirm the judgment on a different ground than that of the trial court. We are of the opinion that at the time of service of the writ of garnishment and at the time of the filing of the appellees' answer, the claim by Safady against them was not subject to garnishment.

■ A claim which is uncertain or contingent is usually not subject to garnishment. Upon the theory that unliquidated damages are uncertain or contingent, the general rule is that claims for unliquidated damages cannot be reached by garnishment. This rule applies not only to claims for damages in tort, which are necessarily unliquidated, but also to claims for uncertain and unliquidated damages for breach of contract, the amount of which can be determined only by the aid of the finder of fact. Waples-Platter Grocer Co. v. Texas & P. R. Co., 95 Tex. 486, 68 S.W. 265 (1902), Medley v. American Radiator Co., 27 Tex.Civ.App. 384, 95 Tex. 486, 66 S. W. 86 (1901, writ ref'd), see State Bar of Texas, Creditors' Rights in Texas, 236 (1963).

■ Though it is true that the claim of Safady against appellees was a debt evidenced by a note, we are of the opinion that it was not subject to garnishment for that reason, that at the time of the service of the writ of garnishment and the filing of appellees' answer therein, Safady's

claim against appellees was in litigation, and the amount of appellees' liability, if any, to pay the note was uncertain and would not be certain until the time of final judgment. See Alexander v. Berkman, 3 S.W.2d 864 (Tex.Civ.App.1927, writ ref'd).

The judgment is affirmed.

Affirmed.