**GENSCO, INC., Appellant,**

v.

**CANCO EQUIPMENT, INC., Nolan H. Brunson, Inc., Nolan H. Brunson, III and Jerry Fowler, Appellees.**

**No. 07–85–0331–CV.**

Court of Appeals of Texas, Amarillo.

July 17, 1987.

Brian E. Bro, Bro & Short, Houston, for appellant.

Robert W. Blair, Law, Snakard & Gambill, Fort Worth, Jack McCutchin, Jr., Crenshaw, Dupree & Milam, Lubbock, for appellees.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

This is a suit to collect a debt. Appellant Gensco, Inc., owner of the account, obtained a judgment against Canco Equipment, Inc. but was unsuccessful in its attempt to pierce the corporate veil and recover against appellees Nolan H. Brunson, III and Jerry Fowler. We reverse and remand for new trial.

Canco was an oil field equipment supply company. Brunson and Fowler were its stockholders and Fowler was its general manager. Gensco sold Canco over $82,000 worth of oilfield pipe on credit and Canco was unable to pay for the pipe. Gensco sued Canco, now insolvent, on the account. It also sued Brunson and Fowler individually, on the theory that the corporation was their alter ego. Canco's liability was undisputed and it has not appealed from the judgment against it.

The trial court submitted fourteen special issues to the jury and, based on the jury's findings, concluded as a matter of law that Fowler and Brunson were not personally liable to Gensco under the alter ego theory. In this Court, Gensco attacks the judgment by twelve points of error grouped into three arguments: (1) the trial court erroneously treated the alter ego issue as a question of law; (2) the trial court committed numerous errors in the charge; and (3) the trial court excluded admissible evidence. Brunson and Fowler concede the erroneous resolution of the alter ego theory, but say the error is immaterial because they established affirmative defenses that bar recovery under the alter ego theory. They respond to the other arguments of Gensco by arguing that the trial court did not err in any other respect. We have concluded, however, that suit against Brunson and Fowler must be retried.

The trial court submitted the alter ego theory to the jury by asking the jury whether Brunson and Fowler "primarily used the corporate form of Canco Equipment, Inc. as a conduit for the conduct of their own personal business" and whether Canco was inadequately capitalized when incorporated. The jury answered "we do not" to each inquiry, thus failing to find the facts in question. Based on those answers, the trial court concluded as a matter of law that Gensco could not prevail on its alter ego theory. At the time, the trial court's treatment of the alter ego theory as a question of law was consistent with the opinion of the Dallas Court of Appeals in *Branscum v. Castleberry*, 695 S.W.2d 643 (Tex.App.—Dallas 1985), *rev'd*, 721 S.W.2d 270 (Tex.1986). In that case, the trial judge had advised the jury, by instruction, of the various events that can cause a corporation to become the alter ego of an individual, then asked the jury whether the corporation was the alter ego of the individuals being sued. The Dallas court, with Justice Howell dissenting, held (1) a trial court should permit the jury to resolve disputed fact questions about the events that allegedly justify application of the alter ego theory, but (2) the ultimate issue of whether a corporation is the alter ego of an individual is a question of law to be determined by the judge. The trial court in this

case followed the procedure outlined by the Dallas court.

After this case was tried, however, the Supreme Court decided to review *Branscum v. Castleberry*. The Supreme Court's opinion, *Castleberry v. Branscum*, 721 S.W.2d 270 (Tex.1986), is a comprehensive study of the theories by which the corporate fiction may be disregarded and a primer for the trial of cases advancing such theories. The Court rejected the Dallas Court of Appeals' procedure for submitting an alter ego case to the jury, approving instead the procedure used by the trial court. Under that procedure, the jury is asked the ultimate question: "Do you find from a preponderance of the evidence that [the corporation] was the alter ego of [the individual]?" The jury is then told, by instruction, how a corporation may become the alter ego of an individual.[1] The Supreme Court concluded its discussion of the problem by stating that the different bases for disregarding the corporate fiction involve questions of fact: "Except in very special circumstances, fact questions should be determined by the jury." 721 S.W.2d at 277.

■ Thus, in this case, with the benefit of hindsight bestowed by the Supreme Court, it is now apparent that the trial court submitted the case incorrectly. Instead of asking the jury about various individual events, it should have submitted the ultimate alter ego inquiry and accompanied it with a neutral instruction that told the jury how to determine whether Canco was the alter ego of Brunson and Fowler. The error mandates reversal and retrial.

Brunson and Fowler attempt to salvage their favorable judgment by arguing that the error is immaterial, and thus, under Tex.R.App.Proc. 81(b), does not require reversal. They base their argument on their pleaded defenses of estoppel and assumption of risk, and the jury's answers to special issues 8, 10, 13 and 14. Those issues, and the jury's answers, are as follows:

SPECIAL ISSUE NO. 8

Do you find from a preponderance of the evidence that Brunson and Fowler made use of the corporate entity to defraud creditors of Canco Equipment, Inc.?

ANSWER: "We do" or "We do not".

ANSWER: We do not.

\* \* \* \* \* \*

SPECIAL ISSUE NO. 10

Do you find from a preponderance of the evidence that Gensco had an adequate opportunity to investigate the financial ability and creditworthiness of Canco Equipment, Inc., before extending credit to it?

ANSWER: "We do" or "We do not".

ANSWER: We do.

\* \* \* \* \* \*

SPECIAL ISSUE NO. 13

Do you find from a preponderance of the evidence that Gensco, Inc. knew Canco Equipment, Inc. was a corporation and voluntarily did business with it on that basis?

Answer "Yes" or "No".

ANSWER: Yes.

SPECIAL ISSUE NO. 14

Do you find from a preponderance of the evidence that Gensco, Inc. assumed the risk of doing business with Canco Equipment, Inc.?

Answer "Yes" or "No".

ANSWER: Yes.

Brunson and Fowler argue that Gensco could not win even if the alter ego theory had been submitted correctly and the jury had resolved the issue against them, because the foregoing findings establish the necessary factual basis for their affirmative defenses of estoppel and assumption of risk. We will analyze each issue under that argument.

■ Initially, we observe that the answer to issue 8 is not a finding. The jury

---

1. The Supreme Court found various defects in the wording of the instruction used in the case,

721 S.W.2d at 276, but found no fault with the form of submission.

failed to find fraud by Brunson and Fowler, but that does not mean that they affirmatively found the converse of the proposition. A negative answer to the issue simply means Gensco failed to convince the jury, by a preponderance of the evidence, that the fact existed. *Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex.1973). Thus, within the context of the arguments before us, the jury's response to issue 8 is of no importance.

▮ The "fact" found by issue 10 is likewise meaningless. Assumption of risk was once an affirmative defense in tort cases. It was abolished as a defense in ordinary negligence actions in *Farley v. M M Cattle Company*, 529 S.W.2d 751, 758 (Tex.1975), although the court retained it as a defense in strict liability and express consent cases. We find no authority holding that the doctrine is available as an affirmative defense to a suit to pierce the corporate veil. Consequently, the finding is of no assistance to Brunson and Fowler.

Estoppel, on the other hand, may be a valid defense to Gensco's contentions. Several Texas cases have recognized that the party seeking to pierce the corporate veil may be estopped if he acted with full knowledge of the relationship between the corporation and the stockholder. For example, in *Paine v. Carter*, 469 S.W.2d 822, 827 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.), the court said: "[W]here a party knows of the relationship between a corporation and its shareholder and chooses freely and voluntarily to deal with them in their respective capacities, he is estopped to claim that the corporation is the alter ego of the individual (or the reverse thereof)." *See Minchen v. Van Trease*, 425 S.W.2d 435, 438 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.); *Atomic Fuel Extraction Corporation v. Slick's Estate*, 386 S.W.2d 180, 191 (Tex.Civ.App.—San Antonio 1964), *writ ref'd n.r.e. per curiam*, 403 S.W.2d 784 (Tex.1965).

▮ Unfortunately for Brunson and Fowler, fact findings 10 and 13, upon which they rely, do not establish the defense they advance. It is apparent from the foregoing authorities that estoppel arises when a party has the "essential facts" surrounding the situation, *Minchen*, 425 S.W.2d at 438–39, and still does business with the corporation without requiring other safeguards. Finding 10 is a finding that Gensco had the ability to investigate Canco before giving it credit and finding 13 is a finding that Gensco knew that Canco was a corporation and did business with it voluntarily. Those findings are innocuous at best and could be made in virtually every case where a party does business with a corporation. In order to establish the defense, Brunson and Fowler must have more. They must secure a finding that Gensco knew the essential facts of the relationship between Canco, Brunson and Fowler and that it did business with Canco despite that knowledge. There being no finding of that nature, the judgment now before us cannot stand. Points of error one, two, four and five are sustained.

Gensco's points three, six, seven, eight, nine, ten and eleven are additional complaints about the charge. Because the charge must now be written on a different theory, the complaints are no longer viable and are overruled as moot.

▮ Gensco's point twelve voices the company's dissatisfaction with the trial court's exclusion of certain evidence. Because the problem may arise again, we will resolve the issue. There was evidence that Fowler used Canco money and credit, while serving as Canco general manager, to bet on sporting events, to obtain information for placing bets, and to pay gambling debts. These matters were fully developed before the jury. Gensco contends, however, that it should have been allowed to introduce testimony, tendered while Brunson was testifying, in which Gensco's counsel repeatedly characterized Fowler as an embezzler and Brunson did not disagree.

Gensco's complaint has no merit. It is obvious that Gensco's counsel wanted to put an evil label on Fowler in order to

inflame the jury,[2] an act neither necessary nor proper. The jury knew the facts and could draw its own conclusions without assistance from counsel. What counsel tendered was not admissible evidence; it was an inadmissible conclusion correctly excluded by the trial court. *See Texas Dept. of Public Safety v. Davis*, 680 S.W.2d 875, 877 (Tex.App.—Houston [1st Dist.] 1984, no writ). Point of error twelve is overruled.

That portion of the trial court judgment awarding Gensco, Inc. recovery against Canco Equipment, Inc. is affirmed. That portion of the trial court judgment denying Gensco, Inc. recovery against Nolan H. Brunson, III and Jerry Fowler is reversed and the case is remanded for a new trial between those parties.

**2.** Incidentally, the label is legally incorrect. *Compare* Tex.Rev.Civ.Stat.Ann. art. 342–413 (Vernon 1973) *with* Tex.Penal Code Ann. § 31.-03 (Vernon Supp.1987).