## In re TEXAS AMERICAN EXPRESS, INC., Rod Bell & Associates, Inc., and Roderick Bell, Relators.

### No. 05–05–01417–CV.

Court of Appeals of Texas, Dallas.

Dec. 7, 2005.

Ben L. Krage, Charles E. Gale, Eric M. Jaegers, Krage & Janvey, L.L.P., Dallas, for relator.

Gary M. Vodicka, Law Office of Gary M. Vodicka, Andrew R. Korn, David M. Diaz, Korn, Bowdich & Diaz, L.L.P., Dallas, for real party in interest.

Before Justices WRIGHT, O'NEILL, and LANG.

## OPINION

Opinion by Justice LANG.

Texas American Express, Inc. (TAXI), Rod Bell & Associates, Inc., and Roderick Bell, individually, relators, seek a writ of mandamus ordering the Honorable John Peyton, Judge, County Court at Law No. 2, Dallas County, Texas to dissolve the prejudgment writ of garnishment, or, in the alternative, to increase the bond for the prejudgment writ of garnishment. Relators' petition for a writ of mandamus is conditionally granted as to the dissolution of the prejudgment writ of garnishment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Roger Martin, the real party in interest, was a driver trainee for TAXI. While riding in a truck driven by James Richard Terry, Martin was injured when Terry fell asleep and the truck left the road. Martin sued TAXI and Terry for his injuries and damages arising out of the trucking accident. After a jury trial, Martin was awarded a judgment for $371,919.92 against TAXI and Terry.

Martin filed the underlying lawsuit against TAXI, Bell & Associates, and Bell, individually. He alleges TAXI fraudulently transferred its assets to Bell & Associates and Bell to prevent Martin from collecting on his judgment against TAXI. Also, Martin sought to impose liability for the judgment against TAXI on Bell & Associates on the theories that TAXI and Bell & Associates are a single business enterprise and Bell & Associates is the alter ego of TAXI.

At the same time Martin filed the underlying lawsuit, he also filed an emergency application for a prejudgment writ of garnishment. The application sought garnishment of any assets of TAXI, Bell & Associates, and Bell at the First State Bank a/k/a First State Bank of Mesquite up to the maximum indebtedness of $371,919.92. The trial court granted the application ex parte. The order to issue the prejudgment writ of garnishment required Martin to execute and file with the clerk a bond in the amount of $1,000. Martin filed the bond, and the writ was issued and served on the bank. First State Bank of Mesquite answered and, pursuant to a rule 11 agreement of the parties, held only $375,000 from Bell's personal savings account. TAXI, Bell & Associates, and Bell filed counterclaims against Martin for wrongful garnishment and a motion to dissolve or, in the alternative, modify the writ of garnishment. The trial court denied their motion to dissolve and they filed this petition for a writ of mandamus.

## II. STANDARD FOR MANDAMUS

■ Traditionally, mandamus will not issue unless: (1) the trial court has committed a clear abuse of discretion; and (2) there is no adequate remedy by appeal. *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, (Tex.1999) (orig.proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding)).

### A. Abuse of Discretion

■ A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex.2005) (orig.proceed-

ing). In determining whether the trial court abused its discretion in the resolution of factual matters, the court of appeals may not substitute its judgment for that of the trial court and may not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *In re Sanders,* 153 S.W.3d 54, 56 (Tex.2004) (orig.proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *See Walker,* 827 S.W.2d at 840. Accordingly, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Id.* If the trial court did not abuse its discretion, it is error for the court of appeals to grant mandamus relief. *In re Sanders,* 153 S.W.3d at 56.

### B. No Adequate Remedy by Appeal

 The second requirement for mandamus relief, that the petitioner has no adequate remedy by appeal, "has no comprehensive definition." *See In re Ford Motor Co.,* 165 S.W.3d 315, 317 (Tex.2005) (orig.proceeding) (citing *In re Prudential,* 148 S.W.3d 124, 136 (Tex.2004) (orig.proceeding)). Determining whether a party has an adequate remedy by appeal requires a "careful balance of jurisprudential considerations" that "implicate both public and private interests." *See id.* "When the benefits [of mandamus review] outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate." *Id.* An appeal is inadequate when the parties are in danger of permanently losing substantial rights. *In re Van Waters & Rogers, Inc.,* 145 S.W.3d 203, 211 (Tex.2004). Such a danger arises when the appellate court would not be able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record. *Id.*

## III. ANALYSIS OF ABUSE OF DISCRETION

Relators argue the trial court abused its discretion in denying their motion to dissolve the prejudgment writ of garnishment because the judgment against TAXI is not a debt of Bell & Associates or Bell and they have no adequate remedy by appeal. Relators' contend Martin's unliquidated tort claim for fraudulent transfer and his attempt to hold Bell & Associates responsible for TAXI's liability under the theories of single business enterprise and alter ego do not amount to debts under Texas Civil Practice and Remedies Code § 63.001. *See* Tex. Civ. Prac. & Rem.Code Ann. § 63.001 (Vernon 1997 & Supp.2005). Martin responds that the debt is liquidated because the amount has already been determined in its judgment against TAXI. It is Martin's position that he is merely trying to collect his judgment against TAXI from Bell & Associates and Bell under the theories pleaded.

### A. Applicable Law—Prejudgment Writ of Garnishment

At the commencement of a lawsuit, a plaintiff may file an application for a writ of garnishment. *See* Tex.R. Civ. P. 658. A writ of garnishment shall not issue before a final judgment, except on order of the court after a hearing, which may be ex parte. *Id.* A writ of garnishment is available if:

(1) an original attachment has been issued;

(2) a plaintiff sues for a debt and makes an affidavit stating that:

(A) the debt is just, due, and unpaid;

(B) within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt; and

(C) the garnishment is not sought to injure the defendant or the garnishee; or

(3) a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment.

TEX. CIV. PRAC. & REM.CODE ANN. § 63.001. A defendant whose property or account has been garnished may seek to have the trial court dissolve or modify the writ of garnishment. *See* TEX.R. CIV. P. 664a.

■■■ A writ of garnishment may be issued only when the demand is not contingent, is capable of ascertainment by the usual means of evidence, and does not rest in the discretion of the jury. *See Cleveland v. San Antonio Bldg. & Loan Ass'n,* 148 Tex. 211, 215, 223 S.W.2d 226, 228 (1949) (appeal of order quashing writ of garnishment); *Fogel v. White,* 745 S.W.2d 444, 446 (Tex.App.-Houston [14th Dist.] 1988, orig. proceeding [leave denied]); *Cook v. Superior Ins. Co.,* 476 S.W.2d 363 (Tex.Civ.App.-Beaumont 1972, writ ref'd n.r.e.) (appeal of summary judgment dismissing injured party's application for writ of garnishment against insurer of judgment creditor). When damages are unliquidated and in their nature uncertain, the demand is not subject to garnishment. *Fogel,* 745 S.W.2d at 446; *see also Clapper v. Petrucci,* 497 S.W.2d 120, 122 (Tex.Civ.App.-Austin 1973, writ ref'd n.r.e.) (appeal of summary judgment dismissing judgment creditor's application for writ of garnishment against third parties who owed debt to judgment debtor).

■■■ It has long been recognized in this state that the remedy of garnishment is summary and harsh, and should not be sustained unless there is strict compliance with the statutory requirements. *See e.g., Beggs v. Fite,* 130 Tex. 46, 52, 106 S.W.2d

1039, 1042 (1937); *Snyder Nat'l Bank v. Pinkston,* 219 S.W.2d 606, 608 (Tex.Civ. App.-Dallas 1949, no writ); *Mendoza v. Luke Fruia Inv. Inc.,* 962 S.W.2d 650, 651 (Tex.App.-Corpus Christi 1998, no pet.); *Walnut Equip. Leasing Co. v. J–V Dirt & Loam,* 907 S.W.2d 912, 915 (Tex.App.-Austin 1995, writ denied); *Varner v. Koons,* 888 S.W.2d 511, 513 (Tex.App.-El Paso 1994, orig. proceeding); *Fogel,* 745 S.W.2d at 446; *Glenn W. Casey Constr. v. Citizen's Nat'l Bank,* 611 S.W.2d 695, 700 (Tex.Civ.App.-Tyler 1980, no writ), *disapproved of on other grounds Middleton v. Murff,* 689 S.W.2d 212, 213 (Tex.1985); *Tom Benson Chevrolet Co., Inc. v. Beall,* 567 S.W.2d 857, 859 (Tex.Civ.App.-San Antonio 1978, writ ref'd n.r.e.); *Pinkston v. Victoria Bank & Trust Co.,* 215 S.W.2d 245, 247 (Tex.Civ.App.-Waco 1948, orig. proceeding [leave denied]). A tort action is not subject to garnishment because it is both contingent and unliquidated. *See Cleveland,* 148 Tex. at 215, 223 S.W.2d at 228; *Waples–Platter Grocer Co. v. Tex. & Pac. Ry. Co.,* 95 Tex. 486, 488, 68 S.W. 265, 266 (1902); *Fogel,* 745 S.W.2d at 446; *Clapper,* 497 S.W.2d at 122; *Cook,* 476 S.W.2d at 364; *Stewart v. Forrest,* 124 S.W.2d 887 (Tex.Civ.App.-San Antonio 1939, no writ) (appeal of order quashing applications for writs of garnishment). The fraudulent transfer of assets is a tort. *See* TEX. BUS. & COM.CODE ANN. § 24.005 (Vernon 2002 & Supp.2005); *see generally, Yokogawa Corp. of Am. v. Skye Int'l Holdings, Inc.,* 159 S.W.3d 266, 272 (Tex.App.-Dallas 2005, no pet.); *Magic House AB v. Shelton Beverage L.P.,* 99 S.W.3d 903, 910 (Tex.App.-Dallas 2003, no pet.).

■■■ The doctrines that support piercing the corporate veil do not create substantive causes of action. *See In re StarFlite Mgmt. Group, Inc.,* 162 S.W.3d 409, 414 (Tex.App.-Beaumont 2005, orig. proceeding); *Specialty Retailers, Inc. v.*

*Fuqua,* 29 S.W.3d 140, 147 (Tex.App.-Houston [14th Dist.] 2000, pet. denied); *Farr v. Sun World Sav. Ass'n,* 810 S.W.2d 294, 297 (Tex.App.-El Paso 1991, no writ). The claim is purely remedial. Piercing the corporate veil merely expands the scope of potential sources of relief by extending to individual shareholders or other business entities what is otherwise only a corporate liability. *See StarFlite,* 162 S.W.3d at 414; *Specialty Retailers,* 29 S.W.3d at 147; *Farr,* 810 S.W.2d at 297. The single business enterprise and alter ego exceptions for disregarding the corporate entity are equitable theories. *See N. Am. Van Lines, Inc. v. Emmons,* 50 S.W.3d 103, 119 (Tex.App.-Beaumont 2001, pet. denied). In order to grant relief under these theories, the fact finder must determine whether the relationship between the parties satisfies the tests for imposing liability under the single business enterprise or alter ego exceptions. *See Airflow Houston, Inc. v. Theriot,* 849 S.W.2d 928, 931 (Tex.App.-Houston [1st Dist.] 1993, no writ); *Gensco, Inc. v. Canco Equip., Inc.,* 737 S.W.2d 345, 347 (Tex.App.-Amarillo 1987, no writ).

## B. Application of the Law to the Facts

■ It is without question that Martin's second lawsuit against relators is separate from his suit against TAXI and Terry for his injuries resulting from the trucking accident. The two suits were filed in different courts, have different cause numbers, and, with the exception of TAXI, have different defendants.

In his second lawsuit, Martins claims relators fraudulently transferred TAXI's assets to Bell & Associates and Bell, individually, to prevent Martin from collecting on his judgment against TAXI. Martin seeks damages against relators based on the alleged fraudulent transfer separate from the damages awarded in his judgment against TAXI and Terry for injuries. Martin's claim for damages pursuant to his fraudulent transfer claim is a tort, and contingent and unliquidated. *See Cleveland,* 148 Tex. at 215, 223 S.W.2d at 228.

■ Also, in his second lawsuit, Martin alleges TAXI and Bell & Associates are a single business enterprise and Bell & Associates is the alter ego of TAXI and seeks to impose on Bell & Associates liability for Martin's judgment against TAXI. The issue of whether Bell & Associates is a single business enterprise with or the alter ego of TAXI is a contingent claim and must be determined by the fact finder. *See Airflow Houston,* 849 S.W.2d at 931; *Gensco,* 737 S.W.2d at 347. A writ of garnishment cannot be issued if the demand rests in the discretion of the fact finder. *See Cleveland,* 148 Tex. at 215, 223 S.W.2d at 228.

Ancillary to the underlying lawsuit, Martin filed an emergency application for a prejudgment writ of garnishment against relators. The application references only his second lawsuit.[1] His application for a writ of garnishment states relators "owe" him "an undisputed debt in the amount of $371,919.97" and the application is being filed pursuant to Texas Civil Practice and Remedies Code § 63.001(2). Martin claims he was merely trying to collect on his judgment against TAXI and the "debt" is liquidated in the amount of $371,919.92. As we concluded above, at this preliminary stage, the judgment is not a "debt" of Bell & Associates and Bell. Martin's claims against them are contingent and unliqui-

---

1. The application states, "[t]his case is ancillary to [Martin's] claims against [Relators] previously filed and docketed under Cause No. CC–05–08303–B, and styled *Roger Martin v. Texas American Express, Inc., Rod Bell and Associates, Inc., and Roderick Bell, individually,* in the County Court at Law No. 2 of Dallas County, Texas."

dated. However, § 63.001(2) of the Texas Civil Practice and Remedies Code applies only when the plaintiff is suing for a "debt." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 63.001(2). Martin may not find authority for his application by treating it as an application for a postjudgment writ of garnishment to collect on a final judgment. He sought only a prejudgment writ of garnishment. Texas Civil Practice and Remedies Code § 63.001(3) addresses the availability of garnishment only where the plaintiff has a valid subsisting judgment. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 63.001(3).

We conclude the trial court abused its discretion when it denied relators' motion to dissolve the order issuing a prejudgment writ of garnishment.

## IV. ANALYSIS OF NO ADEQUATE REMEDY BY APPEAL

■ Relators argue they have no adequate remedy by appeal. Martin responds: (1) relators have an adequate remedy at law because they could have requested a substitution of property pursuant to Texas Rule of Civil Procedure 664a; and (2) relators identified an adequate remedy at law because they have counterclaimed for wrongful garnishment.

### A. Applicable Law

■ As a general rule, writs and orders issued to aid judgment creditors in collecting on their judgments are not appealable. *See Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex.1991) (orig.proceeding), *abrogated on other grounds*, *In re Sheshtawy*, 154 S.W.3d 114, 124 (Tex. 2004) (orig.proceeding). However, an appeal will lie from a final judgment in a garnishment action independently of the underlying lawsuit because it is a separate proceeding. *Varner*, 888 S.W.2d at 513

(postjudgment writ of garnishment); *Roberts v. Stoneham*, 31 S.W.2d 856, 857 (Tex.Civ.App.-Austin 1930, no writ); *see also Walton & Stockton v. Corpus Christi Nat'l Bank*, 185 S.W. 369 (Tex.Civ.App.-San Antonio 1916, no writ).

■ Mandamus lies where relator has exhausted his remedies at law before seeking equitable relief and the trial court improperly denied relators' motion to quash the prejudgment writ of garnishment. *See Fogel*, 745 S.W.2d at 446–47. Also, mandamus relief is appropriate when a trial court issues a prejudgment writ of garnishment in a lawsuit for unliquidated tort damages because relator has no adequate remedy at law by which to reobtain possession of his property. *See S.R.S. World Wheels, Inc. v. Enlow*, 946 S.W.2d 574, 574–75 (Tex.App.-Fort Worth 1997, orig. proceeding) (discussing writ of attachment); *Fogel*, 745 S.W.2d at 446–47; *see also In re Noteboom*, 111 S.W.3d 794, 797 (Tex.App.-Fort Worth 2003, orig. proceeding) (discussing prejudgment monetary security). A party may attack a writ of garnishment by motion to quash without first replevying the garnished funds. *See Cleveland*, 148 Tex. at 217, 223 S.W.2d at 229.

### B. Application of the Law to the Facts

The prejudgment writ of garnishment served on First State Bank of Mesquite resulted in $375,000 of Bell's personal savings account being held and unavailable to Bell. Before seeking equitable relief, relators exhausted their legal remedies by filing a motion to dissolve the prejudgment writ of garnishment or, in the alternative, to increase the amount of the bond. The trial court denied the motion. *See Fogel*, 745 S.W.2d at 447.

Martin argues relators have at least two adequate remedies at law, which prohibit

mandamus relief. First, he contends relators could have requested a substitution of property pursuant to Texas Rule of Civil Procedure 664a. *See* TEX.R. CIV. P. 664a (defendant may replevy). However, relators may attack the writ of garnishment without replevying the garnished funds. *See Cleveland,* 148 Tex. at 217, 223 S.W.2d at 229. Second, Martin contends relators identified an adequate remedy at law because they counterclaimed for wrongful garnishment. In their claim for wrongful garnishment, relators seek actual and exemplary damages, and costs. However, relators' counterclaim does not provide them with a means of obtaining the property held subject to the writ of garnishment. Instead, it provides them with a means of obtaining only damages alleged to be the result of the garnishment.

We conclude relators have no adequate remedy by appeal. *See Fogel,* 745 S.W.2d at 446–47.

## V. CONCLUSION

The trial court abused its discretion when it denied relators' motion to dissolve the garnishment order, and relators have no adequate remedy by appeal. Relators' petition for a writ of mandamus is **CONDITIONALLY GRANTED.** The trial court is **ORDERED** to dissolve its June 29, 2005, "Order to Issue Pre–Judgment Writ of Garnishment." The writ of mandamus will issue only if the trial court fails to comply with this Court's opinion.