In re Esfandiar MAASOUMI, Relator.

No. 05–10–00448–CV.

Court of Appeals of Texas, Dallas.

April 15, 2011.

See also, 2008 WL 4881328.

Kent F. Brooks, Law Office of Kent F. Brooks, Dallas, TX, for Relator.

Jeffrey Owen Anderson, Michelle May O'Neil, O'Neil Attorneys Family Law, Dallas, TX, for Real Party in Interest.

Before Chief Justice WRIGHT and Justice FRANCIS and Chief Justice THOMAS, Retired.[1]

## OPINION

Opinion By Chief Justice THOMAS, Retired.

While this appeal was pending, the trial court entered an order of enforcement by contempt on March 18, 2010. Father filed a petition for writ of mandamus seeking relief from the trial court's enforcement order. In five issues, Father contends generally the trial court erred in: (1) holding him in contempt for failure to pay the private school tuition and for failure to make the child support payment due on May 1, 2009; and (2) the trial court erred in awarding Mother the possession of the child's passport where the modification order gave that right to him. We sustain Father's issues.

The trial court signed a modification order on January 14, 2009. The appeal of that order is currently pending and that opinion will issue concurrently with this opinion.[2] On November 6, 2009, Mother filed a motion for enforcement of child support, motion for clarification, and motion for sanctions. The trial court conducted a hearing on January 29, 2010. Subsequently, the trial court entered an order of enforcement by contempt. The trial court held Father in contempt for failure to pay seventy-five percent of the child's private school tuition and failure to make the $1,500 child support payment on May 1, 2009. The trial court sentenced Father to 180 days in jail but conditionally suspended the commitment. The trial court also ordered that Mother, rather than Father, shall maintain possession of the child's passport.

To obtain mandamus relief, relator must show both that the trial court has abused its discretion and that it has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). An appellate court may only grant mandamus relief if the trial court abuses its discretion. *In re Sanders*, 153 S.W.3d 54, 56 (Tex.2004) (orig. proceeding). Specifically, a trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as

---

1. The Honorable Linda Thomas, Chief Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

2. The name and cause number of the appeal from the modification order is *In the Interest of M.A.M., a Minor Child;* 05–09–00396–CV.

to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex.2005) (orig. proceeding); *In re Tex. Am. Express, Inc.,* 190 S.W.3d 720, 723 (Tex.App.-Dallas 2005, orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *See Walker,* 827 S.W.2d at 840. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker,* 827 S.W.2d at 840.

In the opinion from the appeal of the modification order, we reverse the portion of the order requiring Father to pay for the child's private school tuition. We also modify the amount of the child support payments from $1,500 to $1,200. In light of this Court's opinion on the appeal, Father may not be held in contempt for failure to pay the private school tuition and failure to pay child support payments in the amount of $1,500.

█ In her motion for enforcement, Mother sought a substantive change with regard to which parent possesses the child's passport. The purpose of a motion for enforcement is to enforce a provision in a final order. *See* TEX. FAM.CODE ANN. § 157.001(a) (West 2008). A party may not seek a substantive change of a final order through a motion for enforcement. The trial court's enforcement order substantively changed the passport provision by giving Mother the right to maintain possession of the child's passport. The trial court no longer had jurisdiction to modify its January 14, 2009 order. Accordingly, we hold the trial court abused its discretion in modifying the modification order's passport provision.

We conditionally grant the relator's petition for writ of mandamus. We order the trial court to vacate its March 18, 2010 order of enforcement by contempt and to provide this Court with a certified copy of its order vacating no later than May 6, 2011. A writ will issue only in the event the trial court fails to vacate its March 18, 2010 order of enforcement by contempt.