Petition for Writ of
Mandamus Denied and Memorandum Opinion filed July 7, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00393-CV

____________

 

IN RE EAST BEACH PROJECT PHASE I, LTD. & EAST
BEACH PROJECT HOLDINGS, L.L.C., Relators

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

113th District Court

Harris County, Texas

Trial Court Cause No. 2010-77850

 

 

 



M E M O R
A N D U M   O P I N I O N

            On May 3, 2011, relators, East Beach Project Phase I, Ltd.
& East Beach Project Holding, L.L.C. (“East Beach”), filed a petition for
writ of mandamus in this court.  See Tex. Gov’t Code § 22.221; see
also Tex. R. App. P. 52.  East Beach complains the Honorable John Donovan, presiding
judge of the 113th District Court of Harris County, Texas, abused his
discretion in denying its motion to transfer venue and plea in abatement.  Real
Party in Interest, Brasfield & Gorrie, L.L.C. (“B&G”), has responded. We
deny the mandamus.

BACKGROUND

The underlying suit arises from the Palisade Palms
Condominium Project located at 801 East Beach Street, Galveston, Texas, which
is owned by East Beach.  East Beach and B&G are parties to two separate
contracts, both of which are at issue in the underlying litigation. The first
was executed on or about November 21, 2002, the “2002 Contract”.  The second
was executed on or about July 8, 2005, the “2005 Contract”.  East Beach filed
suit in Galveston County and subsequently amended its pleadings to add B&G. 
B&G then filed suit in Harris County.  In the Harris County suit, East
Beach moved to transfer venue and filed a plea in abatement.  The suit in Galveston
County was abated pending a decision on the motion and plea in Harris County.  Both
motions were denied and East Beach petitioned this court for writ of mandamus. 


MOTION TO TRANSFER VENUE

Mandamus is the proper vehicle to enforce mandatory venue.
Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 (West 2002).  Ordinarily,
mandamus relief lies when the trial court has abused its discretion and a party
has no adequate appellate remedy.  In re Prudential Ins. Co., 148 S.W.3d
124, 135-36 (Tex. 2004); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992).  However, where a party seeks to enforce a mandatory venue provision
under Chapter 15 of the Texas Civil Practices and Remedies Code, a party is not
required to prove the lack of an adequate appellate remedy, but is required
only to show that the trial court abused its discretion by failing to transfer
the case.  In re Tex. DOT, 218 S.W.3d 74, 76 (Tex. 2007).  Section
15.020 of the Civil Practice and Remedies Code is a mandatory venue provision.[1]  In re
Royalco Oil & Gas Corp., 287 S.W.3d 398, 399, n. 2 (Tex. App. - Waco
2009, orig. proceeding). Therefore petitioner did not need to show that it had
no adequate appellate remedy

 

STANDARD OF REVIEW

A trial court
abuses its discretion if it reaches a decision so arbitrary and unreasonable as
to amount to a clear and prejudicial error of law or if it clearly fails to
correctly analyze or apply the law.  In re Cerberus Capital Mgmt., L.P.,
164 S.W.3d 379, 382 (Tex. 2005); In re Tex. Am. Express, 190 S.W.3d 720,
723 (Tex.App.-Dallas 2005, orig. proceeding). In determining whether the trial
court abused its discretion in the resolution of factual matters, the court of
appeals may not substitute its judgment for that of the trial court and may not
disturb the trial court's decision unless it is shown to be arbitrary and
unreasonable.  Walker, 827 S.W.2d at 839-40; In re Tex. Am. Express,
190 S.W.3d at 724. “A trial court has no ‘discretion’ in determining what the
law is or applying the law to the facts. Thus, a clear failure by the trial
court to analyze or apply the law correctly will constitute an abuse of
discretion, and may result in appellate reversal by extraordinary writ.” Walker,
827 S.W.2d at 840; In re Tex. Am. Express, 190 S.W.3d at 724.

VENUE

The two contracts at issue both contain venue provisions. 
Those provisions, along with other pertinent contract provisions, are set forth
below.

The 2002 Contract

Section 4.6.2 The Contractor agrees that any
arbitration or litigation proceedings between it and Owner may, at Owner’s sole
option, be consolidated with any other arbitration or litigation proceedings
regarding same, similar, or related issues. . . .

 

Section 13.1.1  The Contract shall be governed by the
law of the state where the Project is located.  The venue for any and all legal
actions related to the Contract Document will be the County and State in which
the Project is located.

 

 

The 2005 Contract

Section 1.2  Integrated Agreement.. . .
Notwithstanding anything to the contrary stated in any Contract Document, the
terms and conditions of this Agreement shall take precedence over and supersede
all conflicting or inconsistent terms and conditions in any other Contract
Document; except, however, Modifications executed after the effective date of
this Agreement. . . .

 

Section 15.1.2  The General Conditions are the
modified 1997 edition of the General Conditions of the Contract for
Construction AIA Document A201-1997 executed between the Owner and Contractor
on November 21, 2002, subject to the modifications set forth in Articles 16, 17
and other parts of this Agreement.

 

Section 17.1  This Article contains additions,
deletions, Changes and other Modifications to the General Conditions. Where any
part of the General Conditions is not modified by this Article or by any other
term or condition in this Agreement, the unaltered part remains in effect and
binding on the Owner and Contractor.

 

Section 17.2.2. The following general modifications to
the General Conditions are mutually accepted by the Owner and Contractor and
apply where applicable herein:

. . .

Section 4.6.1 should be
deleted and replaced with the following:

 

Section 4.6.1  Litigation.  Subject to Section
4.6.2, any claim, dispute or other matter in question arising out of or related
to this Agreement, the Project, the Contract Documents, including the breach
thereof, which is not settled by Mediation, shall be decided by a court of competent
jurisdiction.  Venue for Litigation arising out of this Agreement shall be
Harris County, Texas. . . . 

 

Because this is a “major transaction,” both venue provisions
are mandatory.  See Tex. Civ. Prac. & Rem. Code § 15.020(b) (West
Supp. 2009).[2] 
We first note that suit is not prevented in Harris County pursuant to Tex. Civ.
Prac. & Rem. Code § 15.020(c) (West Supp. 2009).  There was no agreement
that suit may not be brought in Harris County.  See Tex. Civ. Prac.
& Rem. Code § 15.020(c)(1).  Further, there was no agreement the action
“must be” brought in Galveston County.  See Tex. Civ. Prac. & Rem.
Code § 15.020(c)(2).  The venue provision in the 2002 contract states “venue .
. . will be . . .” (emphasis added).  In Mabon Ltd. v. Afri-Carib
Enterprises, Inc., 29 S.W.3d 291, 297 (Tex. App. -- Houston [14th Dist.]
2000, no pet.), we found the phrase “shall have venue” did not provide for
exclusive jurisdiction, but was permissive in nature.  

Under both venue provisions, “the party against whom the
action is brought agreed in writing that suit may be brought in that county.  See
Tex. Civ. Prac. & Rem. Code § 15.020(b).  Accordingly, venue lies in
Galveston County if section 13.1.1 of the 2002 contract controls, but it lies
in Harris County if section 4.6.1 of the 2005 contract controls.  When East
Beach agreed to the 2005 contract it agreed to venue as provided in section 4.6.1. 
East Beach further agreed, under section 1.2, that section 4.6.1 “shall take
precedence over and supersede all conflicting or inconsistent terms and
conditions in any other Contract Document.”  Accordingly, the trial court’s
determination that section 4.6.1 controls does not constitute a clear failure
to analyze or apply the law correctly.  See Walker, 827 S.W.2d at 840; In
re Tex. Am. Express, 190 S.W.3d at 724.  We therefore find the trial court
did not abuse its discretion in denying the motion to transfer venue.

PLEA IN ABATEMENT

Relators also complain the trial court erred in denying their
plea in abatement because they filed suit first in Galveston County.  The suit
in Galveston County has been abated.[3]  As this court recently recognized
in In re Gawlikowski, No. 14-10-01236-CV, 2011 WL 61874, *1-2 (Tex. App.
– Houston [14th Dist.] 2011, orig. proceeding) (mem. op.): 

Generally, mandamus is not available to control the
incidental rulings of a trial court, such as rulings on pleas in abatement. Abor
v. Black, 695 S.W.2d 564, 566-67 (Tex.1985); Texas Commerce Bank, N.A.
v. Prohl, 824 S.W.2d 228, 229 (Tex.App.-San Antonio 1992, orig.
proceeding). Remedy by mandamus is available to resolve a conflict in
jurisdiction between courts of coordinate jurisdiction only when the trial
court first taking jurisdiction has been stopped from proceeding (e.g. when the
second court enjoins the parties from taking any more action in the first
court). Abor v. Black, 695 S.W.2d at 567. 

The trial court in Harris County has not prohibited another court from
proceeding; therefore, mandamus is not an appropriate remedy in this case. See
id.  Because the Harris County and Galveston County courts are not directly
interfering with each other, relators have an adequate remedy by appeal.  See
In re Brown, No. 06-10-00108-CV, 2010 WL 4880675, *2 (Tex. App. – Texarkana
2010, orig. proceeding) (mem. op.).

CONCLUSION

For these reasons, we find relators have not established they
are entitled to mandamus relief.  Accordingly, the petition for writ of
mandamus is denied. 

 

                                                                                    PER
CURIAM

 

Panel
consists of Justices Anderson, Brown, and Christopher.









[1]
There is no dispute this is a “major transaction.”
 See Tex. Civ. Prac. & Rem. Code § 15.020(a) (West Supp.
2009).





[2]§ 15.020. Major Transactions:
Specification of Venue by Agreement

(a) In this section,
“major transaction” means a transaction evidenced by a written agreement under
which a person pays or receives, or is obligated to pay or entitled to receive,
consideration with an aggregate stated value equal to or greater than $1
million. The term does not include a transaction entered into primarily for
personal, family, or household purposes, or to settle a personal injury or
wrongful death claim, without regard to the aggregate value.

(b) An action arising
from a major transaction shall be brought in a county if the party against whom
the action is brought has agreed in writing that a suit arising from the
transaction may be brought in that county.

(c)
Notwithstanding any other provision of this title, an action arising from a
major transaction may not be brought in a county if:

(1) the party bringing
the action has agreed in writing that an action arising from the transaction
may not be brought in that county, and the action may be brought in another
county of this state or in another jurisdiction; or

(2) the party bringing
the action has agreed in writing that an action arising from the transaction
must be brought in another county of this state or in another jurisdiction, and
the action may be brought in that other county, under this section or
otherwise, or in that other jurisdiction. 





[3]
The trial court has indicated that he will abate that suit until final
adjudication of the suit in Harris County should this Court deny mandamus
relief.