

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00253-CV

PATRIOT RESIDENTIAL                                            APPELLANT
MANAGEMENT SERVICES, LLC

V.

WELLS FARGO BANK, N.A.,                                    APPELLEES
CARLOS LAZO D/B/A MAXWELL
FINISH CO.

----------

## FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from the trial court's order in a postjudgment garnishment action ordering Wells Fargo Bank, N.A. to pay Carlos Lazo d/b/a Maxwell Finish Co. funds on deposit at Wells Fargo, less $1,000 for attorney's fees, in partial satisfaction of a judgment due Lazo.  We dismiss the appeal for lack of standing.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

Lazo sued Patriot and MPI Forest Creek, LLC on a sworn account and for quantum meruit in trial court cause number 2011-001946-2; he obtained a judgment against Patriot for $140,227.86. Patriot had filed a cross-claim against MPI and obtained a default judgment for $89,444.36. Patriot then filed a separate postjudgment garnishment action against Wells Fargo in the trial court in trial court cause number 2011-001946-2-C, seeking to garnish MPI's Wells Fargo checking account. Lazo sought to intervene in the garnishment action, but Patriot filed a motion to strike the intervention, on the grounds that Lazo had not obtained a judgment against MPI, was not entitled to indemnification from MPI, and therefore had no standing to intervene. The trial court granted the motion to strike the intervention.

Lazo then filed a motion for turnover in the same cause of action as the original judgment, claiming that his judgment against Patriot remained unsatisfied and he was entitled to turnover relief in the form of an assignment by Patriot of its judgment award against MPI. The trial court granted the application for turnover relief and ordered Patriot to assign its rights as judgment creditor in its judgment against MPI to Lazo. Patriot executed the assignment on May 29, 2012. On June 4, 2012, Lazo and Wells Fargo obtained an agreed final judgment in the garnishment action by which Wells Fargo agreed to pay the deposited funds to Lazo, less $1,000 in attorney's fees.

Patriot filed two notices of appeal on June 22, 2012: one from the turnover order in the turnover in trial court cause number 2011-001946-2, which we docketed as 02-12-00252-CV, and the other from the agreed garnishment judgment in cause number 2011-001946-2-C, which we docketed as cause number 02-12-00253-CV. Patriot failed to file a brief in cause number 02-12-00252-CV, and we dismissed that appeal after providing Patriot at least ten days' prior notice. *Patriot Residential Mgmt. Servs., LLC v. Lazo*, No. 02-12-00252-CV, 2013 WL 531039, at *1 (Tex. App.—Fort Worth Feb. 14, 2013, no pet.) (mem. op.).

## Analysis

In this appeal, Patriot complains primarily about the trial court's turnover order, but because we dismissed the appeal of that order, the appeal in this cause number—02-12-00253-CV—is limited to the trial court's order in the garnishment action. *See* Tex. R. App. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties *to the trial court's judgment or order appealed from*." (emphasis added)). Patriot does not have standing to pursue the appeal of the trial court's turnover order in the garnishment suit.[2] *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848

---

[2]Although a garnishment action is ancillary to an underlying suit, the action is a separate proceeding, and appeal from a final judgment in garnishment lies independently of the underlying suit. *See* Tex. R. Civ. P. 657–74; *Glassman v. Goodfriend*, 347 S.W.3d 772, 778 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *Reed v. State*, 269 S.W.3d 619, 626 (Tex. App.—San Antonio 2008, no pet.); *In re Tex. Am. Express, Inc.*, 190 S.W.3d 720, 727 (Tex. App.—Dallas

(Tex. 2005); *City of Arlington v. Centerfolds, Inc.*, 232 S.W.3d 238, 244 (Tex. App.—Fort Worth 2007, pet. denied). However, in its brief filed in this cause number, 02-12-00253-CV, Patriot challenges the trial court's ruling in, first, the turnover action, and, if we found error as to that order, in the agreed judgment in the garnishment action. It appears, therefore, that Patriot's counsel may have confused the cause numbers. In the interest of justice, we will review its sole issue on appeal.

Patriot's sole argument is that Lazo—having failed to seek the turnover relief he ultimately obtained in the garnishment action—was estopped by principles of res judicata or collateral estoppel from seeking that relief in the turnover action. Patriot ignores its own pleading in the garnishment action, in which its sole argument was that the petition in intervention should be stricken because Lazo, not being a judgment creditor as to MPI, could not seek garnishment of MPI's account in his own name. *See Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) (orig. proceeding) (op. on reh'g) ("[U]nder Rule 60, a person or entity has the right to intervene if the

___

2005, orig. proceeding). After making a valid assignment, an assignor loses all control over the chose and can do nothing to defeat the rights of the assignee. *Commercial Structures & Interiors, Inc. v. Liberty Educ. Ministries, Inc.*, 192 S.W.3d 827, 830 n.4 (Tex. App.—Fort Worth 2006, no pet.). An assignor of a cause of action who has not retained some right or interest in the cause of action is precluded from bringing suit. *Id.* Thus, Patriot—having assigned its judgment against MPI to Lazo and having failed to supersede or appeal the turnover order requiring it to do so—was no longer a party to the garnishment action when the trial court rendered the agreed judgment.

4

intervenor could have brought the same action, or any part thereof, in his own name, or, if the action had been brought against him, he would be able to defeat recovery, or some part thereof.").

In his application for turnover relief, Lazo asked the trial court to order Patriot to assign him its interest in the judgment against MPI because (1) he was unable to seek a writ of garnishment for MPI's account in his own name and (2) Patriot had not satisfied its judgment in his favor.  Therefore, in the turnover action, the trial court was evaluating the propriety of turnover relief—assignment of Patriot's judgment award against MPI—in satisfaction of Patriot's debt to Lazo, not the propriety of whether Lazo could intervene in the garnishment action as between Patriot and MPI.  *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a), (b)(1) (West 2008) (providing turnover remedy), *with* Tex. Civ. Prac. & Rem. Code Ann. § 63.001 (West 2008) (setting forth requirements for obtaining writ of garnishment, including that plaintiff have valid, subsisting judgment against defendant).  Because res judicata and collateral estoppel do not preclude relitigation of different issues—and because Lazo did not have standing to intervene in the garnishment action and therefore could not have brought his application for turnover relief in that action—the trial court did not err by granting Lazo's application for turnover relief for that reason.[3]  *See State & Cnty. Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001).

---

[3]A cause of action is property to which the turnover statute applies.  *Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 627 (Tex. App.—Fort

## Conclusion

Having determined that Patriot lacks standing to maintain this appeal, we dismiss the appeal for want of jurisdiction.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and GABRIEL, JJ.

GABRIEL, J., concurs without opinion.

DELIVERED:  May 30, 2013

---

Worth 2006, pet. denied).  Patriot has not challenged the sufficiency of the evidence supporting the trial court's turnover order, nor has it challenged the order on any grounds other than res judicata and collateral estoppel.