**Opinion on Rehearing Filed July 12, 2013.**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-13-00586-CV**

**IN RE RADIANT DARKSTAR PRODUCTIONS, LLC, Relator**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-02152**

## MEMORANDUM OPINION ON REHEARING

Before Justices FitzGerald, Lang, and Myers
Opinion by Justice Myers

The Court has before it the parties' motions for rehearing. We grant the motions in part and withdraw our opinion and vacate our order of June 25, 2013. The following is now the opinion of the Court:

This petition for writ of mandamus challenges two orders signed by the trial court: one ordering relator to deposit $260,000.00 into the registry of the court, and one denying relator's motion to dissolve pre-judgment writs of garnishment and emergency motion to release funds deposited into the registry of the court. In order to obtain mandamus relief, relator must show both that the trial court has abused its discretion and that it has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Relator has met this burden, and we therefore conditionally grant the petition.

Real party in interest Philip B. Sauer obtained a judgment in Pennsylvania and a judgment in California against a foreign corporation, Valley Games. Sauer domesticated these judgments in the trial court. In the same action, he filed suit against relator, Valley Games, Torben Sherwood, and Richard Falch for fraudulent transfer and sought to pierce the corporate veil. Sauer also obtained an *ex parte* order for a pre-judgment writ of garnishment of "debts and assets held by Radiant Gaming for Falch or Sherwood."[1] Finally, Sauer moved to require relator to deposit $330,000.00 into the court's registry. The trial court granted that motion in part and ordered relator to deposit $260,000.00. In response, relator moved to dissolve the writs of garnishment and to release the funds deposited into the registry of the court. The trial court denied both motions.

In its petition, relator argues that the writ of garnishment was wrongfully granted because Sauer's claims against it are contingent and unliquidated, and that the requirement to deposit money into the court's registry constitutes injunctive relief to which Sauer is not entitled. In response, Sauer argues that the court had discretion to order the writ and the deposit because Valley Games has fraudulently transferred assets to relator in an attempt to avoid the judgments against it. Even if Sauer is correct, the trial court abused its discretion in ordering the writ and the deposit.

A plaintiff is entitled to a writ of garnishment if:

(1) an original attachment has been issued;

(2) a plaintiff sues for a debt and makes an affidavit stating that:

(A) the debt is just, due, and unpaid;

(B) within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt; and

---

[1] Sauer also obtained additional writs of garnishment and a writ of attachment, which are not at issue in this petition.

(C) the garnishment is not sought to injure the defendant or the garnishee; or

(3) a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment.

TEX. CIV. PRAC. & REM. CODE ANN. § 63.001(West 2008). "A writ of garnishment may be issued only when the demand is not contingent, is capable of ascertainment by the usual means of evidence, and does not rest in the discretion of the jury." *In re Tex. Am. Express, Inc.*, 190 S.W.3d 720, 725 (Tex. App.—Dallas 2005, orig. proceeding) (Lang, J.). For that reason, prejudgment writs of garnishment are generally not available for the tort of fraudulent transfer or on a theory of piercing the corporate veil. *Id.* We find the analysis of *In re Texas American Express* applicable to this case; accordingly, it was error for the trial court to order the writ of garnishment. Similarly, requiring relator to deposit money into the court's registry is a form of mandatory injunction. The record does not demonstrate that Sauer ever filed a motion for temporary injunction, let alone that he proved his entitlement to one. This order, too, was an abuse of discretion.

Because relator has no adequate remedy at law for the trial court's error, *see id.* at 727, we conditionally grant the petition for writ of mandamus. The writ will issue only if the trial court fails to vacate its April 4, 2013 "Order Overruling Defendant Radiant's Motion to Dissolve Pre-Judgment Garnishments and Emergency Motion" and to render an order granting the motion to dissolve the pre-judgment garnishment of debts and assets held by Radiant Gaming for Falch or Sherwood and the motion to release funds deposited by relator into the registry of the court.

/Lana Myers/

130586HF.P05

LANA MYERS
JUSTICE